CITY BANK FARMERS TRUST COMPANY, as Trustee of the Trust Created by Trust Indenture Dated June 3, 1924, between CHARLES S. KEENE and the BANK OF AMERICA and by Supplemental Trust Indenture Dated December 21, 1928, between CHARLES S. KEENE and the BANK OF AMERICA NATIONAL ASSOCIATION, Appellant, v. THE CHARITY ORGANIZATION SOCIETY OF THE CITY OF NEW YORK and Others, Defendants, Impleaded with JESSIE K. FORBES, Respondent.

First Department, June 20, 1933.

*Charles A. Taussig* of counsel [*Benjamin B. Avery* with him on the brief; *Avery, Taussig & Fisk,* attorneys], for the appellant.

*Ferdinand I. Haber* of counsel [*William P. Mason, Jr.,* with him on the brief; *Haber & Mason,* attorneys], for the respondent.

*Neil P. Cullom* of counsel [*Henry W. Steingarten* with him on the brief; *De Forest, Cullom & Elder,* attorneys], for the defendants The Metropolitan Museum of Art and The Charity Organization Society of the City of New York, as *amici curiæ.*

O'MALLEY, J.   Two questions are presented:   (1) Does rule 113 of the Rules of Civil Practice apply; and (2) if so, has the defendant Jessie K. Forbes shown facts entitling her to defend?

The action is brought by the trustee under two certain instruments styled the trust indenture and supplemental trust indenture, executed June 3, 1924, and December 21, 1928, respectively, for the judicial settlement of its accounts.

We are of opinion that subdivision 8 of rule 113 of the Rules of Civil Practice applies.   The indentures are contracts and they are the bases of the trust relationship of which the accounting is requested.   The action, therefore, is for an accounting on a written contract.

The defendant Jessie K. Forbes is the adopted daughter of the settlor of the trust and incurred his displeasure by her marriage. She alone of the defendants raises questions as to the accounting and has pleaded four defenses.   To these amendments were permitted so as to constitute them counterclaims by virtue of a prayer for relief that the trust indentures be declared null and void.

The first defense is to the effect that the indentures are invalid in that the settlor attempted to make a testamentary disposition of his property, but did not execute the instruments in manner required by law.   The second alleges that the instruments violated section 17 of the Decedent Estate Law, in devising and bequeathing to certain societies more than the permitted portion of his property and that they are void as to one-half of the property, at least. The third also pleads that the instruments are void, in that they were executed with the intention and purpose of making testamentary dispositions without compliance with statutory formalities.   The fourth alleges a fraudulent purpose to evade section 17 of the Decedent Estate Law.

It is apparent from the pleadings themselves, we think, that the plaintiff is entitled to have its accounts settled. Even if, as the defenses plead, the indentures were void, the plaintiff in possession of the property would still be under a duty of accounting. Hence, the motion for summary judgment should have been granted to the extent, at least, of directing an account, even though the questions of the defenses or so-called counterclaims would still remain for determination.

The opposing affidavit of the defendant Forbes does not set forth facts substantiating the defenses other than in the words of the defenses themselves. The affidavit of her attorney is hearsay, concededly. We are of opinion that plaintiff should be sustained in its contentions that the trust indentures were valid documents.

Under the agreement the settlor turned over to the trustee specific property to receive, hold, manage, sell, invest and reinvest the same and to collect, recover and receive the rents, issues, interest and income to be paid, when and as received, to the settlor for his natural life, and upon his death to pay such income to specified institutions annually. During the life of the settlor the trustee was not to receive any commissions or other charges. It was to receive commissions, however, upon his death.

We have here the four essential elements of a valid trust: (1) A designated beneficiary; (2) a designated trustee; (3) a fund or property sufficiently designated and identified to enable title to pass to the trustee; and (4) the actual delivery of the fund or property to the trustee with the intention of passing legal title to such trustee. (*Brown* v. *Spohr*, 180 N. Y. 201.) True it is that some degree of control was left in the settlor. While the trustee was authorized and empowered in its discretion to sell any and all property constituting the trust funds, it could not reinvest the moneys so realized, except in such securities as might be approved by the settlor who also reserved to himself the right to revoke the indentures at any time. Reservations of this nature, however, do not invalidate the trust. (*Farmers' Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 477, 484.)

The settlor had transferred title to the corpus of the trust. Dominion over it was exercised by the trustee. The power reserved in the settlor with respect to character of investment affects only the disposition of funds acquired from sales of portions of the property, as to which sales the trustee was given full discretion.

Nor may any motive or desire to convey property without the formalities of a will or to avoid the effect of section 17 of the Decedent Estate Law be successfully urged to invalidate the indentures. Assuming that such intent or motive had been substantiated by

the opposing affidavits, such would be immaterial. It was a lawful motive or intent.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs, the account to be taken and stated by a referee to be appointed in the order to be entered hereon.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion for summary judgment granted, with ten dollars costs, the account to be taken and stated by a referee to be appointed in the order to be entered hereon. Settle order on notice.