Robert Doscher, J.
This special proceeding brought pursuant to article 79 of the Civil Practice Act seeks the removal of the trustees of an express trust. The trustees have appeared and moved to dismiss the petition as insufficient to warrant the relief sought.
Knollwood Real Estate Company (hereafter called the “ Company ”) was the owner of certain real property in Tarry-town, New York. Its real property was leased in May, 1920, to Knollwood Country Club (hereafter called the “ Club ”), a membership corporation, under an agreement wherein the term of the tenancy was to expire May, 2019. On January 3, 1921, all of the stock of the Company was transferred to trustees under a declaration of trust. The trustees, in turn, were to issue to members of the Club certificates in the form set forth in the said declaration. Out of 498 certificates, the petitioners hold 2.
An examination of the declaration of trust indicates a desire to have the property owned by the Company but managed by the Club. So far interwoven are the affairs of both, that the president, treasurer and secretary of the Club, upon their election, immediately become trustees of the trust created.
The removal of the present trustees, and the appointment of the successor trustee, is sought on several grounds. It is first claimed that the lease between the Company and the Club 11 is not enforceable against ’ ’ the Company because it was ‘ ‘ entered into in breach of trust by trustees under the domination and control of the Club Such charge flies in the face of the facts. It was the Company that let the property to the Club before the declaration of trust and the lease was recited in, and made an exhibit to, the declaration. When qualifying, the trustees can only administer the trust res that they control.
It is also claimed that because they are also officers of the Club, the trustees hold, or are put in, a position antagonistic to the trust. True it is that a trustee must not under any circumstances put himself in a position where personal interest will conflict with cestui que trust (Pyle v. Pyle, 137 App. Div. *161 568, affd. 199 N. Y. 538). However, where, as here, the conflict is created by the instrument creating the trust, the situation is different. The settlor of a trust has the right to provide who shall administer the res (Matter of Cowen, 148 Misc. 35; Wolfer v. National City Bank of N. Y., 189 Misc. 711). In the case at bar, the trustees are doing that which they are authorized, and have agreed, to do.
As part of the conflict of interest charge, petitioners complaint that the trustees failed to set aside the lease. This they had no power or right to do. Petitioners also complain that the trustees failed to collect the full rent due the Company because there was no recovery for depreciation “ and other expenses.” A reading of the lease does not show any right to collect for depreciation. What the “ other expenses ” are does not appear.
The petition has been considered even though it merely states the pleader’s conclusions and not ultimate facts, as it should. Even giving these conclusions the full weight that would be given allegations of fact, the petition still does not state facts sufficient to warrant relief.
The court cannot close its eyes to the written instrument and consider the pleader’s version of such instrument.
Petition dismissed, with leave to renew on matters not covered in the present application.
Submit order on notice.