■ In the Matter of the Accounting of STATE BANK OF ALBANY, as Trustee of a Trust Created by DAVID W. HOUSTON, JR., Deceased, Respondent. MARINE MIDLAND NATIONAL BANK OF TROY et al., as Executors of DAVID W. HOUSTON, JR., Deceased, Appellants; DAVID W. HOUSTON, III, et al., Intervenors-Appellants.— GABRIELLI, J. Appeal from an order of the Supreme Court, Albany County, entered January 23, 1967, which settled the account of the respondent as trustee of the express trust of David W. Houston, Jr. Two weeks prior to his death, the settlor executed a revocation of the trust agreement which named the respondent as trustee and under which agreement it had administered the trust for some period of time. Consents to the revocation were also executed by the settlor's wife and children and shortly following receipt of the last consent, respondent brought a proceeding under article 77

of the Civil Practice Law and Rules seeking to have its account judicially settled and for authority to deliver the trust assets to the executors of the settlor, since deceased. The executors filed an answer to the petition for judicial settlement but actually raised no legal reason why the court should not proceed to have the trustee's account judicially settled. Upon the return of the notice of presentation of the petition, respondent moved pursuant to CPLR 404 (subd. [b]) to strike the answer for want of a defense and the executors cross-moved for an order to forthwith direct respondent to deliver the trust assets as well as for an order to direct a joint trial of the accounting proceeding with an action for fraud and conversion brought by the executors against the respondent and several other parties. The appelants' claim that the court below improperly permitted respondent to maintain its accounting proceeding is untenable. This is apparent from the pleadings themselves. That the appellants claim the trust indenture is void is no obstacle to the granting of the relief, for as the court said in *City Bank Farmers Trust Co.* v. *Charity Organization Soc. of City of N. Y.* (238 App. Div. 720, 722, affd. 264 N. Y. 441), "Even if, as the defenses plead, the indentures were void, the plaintiff in possession of the property would still be under a duty of accounting." Nor did the court abuse its discretion in denying a joinder of the present proceeding with the involved fraud and conversion action. An examination of the pleadings and claims in both proceedings authorized the discretion exercised pursuant to CPLR 602 (subd. [a]). (*Matter of Elias* v. *Artistic Paper Box Co.*, 29 A D 2d 118.) Appellants further urge that the disposition of the present proceeding would prevent them from litigating the issues in their action brought for fraud and conversion. Such is without merit for the two matters are not "for the same cause" (*Gregory* v. *Wilkes*, 26 Misc 2d 641) and the special proceeding brought under article 77 is not one adaptable to the type of adversary plenary litigation envisioned by the action brought by the executors. (22 Carmody-Wait 2d, New York Practice, § 131:3, p. 5.) Additionally, we find no error — none, certainly, that was prejudicial — in denying applications to intervene by the three residuary legatees under the will of the settlor since they have either executed releases waiving any rights under the trust agreement or have no rights thereunder; and there being no indication that any rights possessed by them were not effectually represented by the executors. Order affirmed, with costs. Appeal from order which denied resettlement dismissed as academic, without costs. The record was stipulated as correct and complete by counsel and incorporated all papers which were the subject of appellants' motion to resettle the order dated January 23, 1967, except for two letters which, apparently, appellants voluntarily omitted. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.