Michael A. Telesca, S.
This is a proceeding by the decedent’s son, William Frank, pursuant to EPTL 5-3.3 to contest dispositions through an inter vivos revocable trust to charitable organizations and to have adjudicated invalid so much of the disposition as exceeds one half of the decedent’s estate after the payment of debts. Appearances were made by the executors of the estate, a number of charitable organizations benefited and the Attorney-General, all of whom moved to dismiss the petition on the grounds that it failed to state a cause of action.
The decedent entered into an agreement with Lincoln Rochester Trust Company on September 26, 1966 whereby substantially all of his assets were transferred to a revocable trust under which he and his wife would receive the income for life, *315 and upon his death, $10,000 would be paid to his son, $7,500 to his son’s wife if she survived, and $2,000 to each of his children, and the remainder divided into two trusts. The first trust qualified for the marital deduction as the wife had an absolute power of withdrawal and a general testamentary power of appointment. If the power was not exercised, the remainder would pass to the second trust which provided income for the wife for life with the remainder to charitable organizations. On October 5, 1972 and November 27, 1972, technical changes were made in the trust so as to qualify the second trust as a charitable remainder unitrust in accordance with the Internal Revenue Code. The trust so created was real and not illusory (see Newman v Dore, 275 NY 371). Also, on September 27, 1966, the decedent executed a will and a virtually identical will on November 27, 1972 by which all real and. tangible personal property was left to his wife, and the balance of his estate to the inter vivos trust. Mr. Frank died on October 25, 1974, and the later will was admitted to probate on December 10, 1974. His widow and Lincoln First Bank of Rochester were appointed executors of his will.
Assuming as required for the purposes of this motion, that the allegations in the petition are true, to wit, that decedent’s wife agreed not to exercise her power of appointment so that most of the decedent’s assets would after the death of his wife pass to charity, petitioner argues that with these assumptions the inter vivos trust is testamentary in nature and should be merged into the will and both, therefore, are subject to the limitations of EPTL 5-3.3.
Thus the issue in the case at bar is whether an inter vivos trust validly created by a grantor, can be held to be a testamentary disposition subject to the limitation of EPTL 5-3.3.
The courts of this State have consistently held that inter vivos transfers are not subject to the limitations imposed by 5-3.3. In Robb v Washington & Jefferson Coll. (185 NY 485), decedent created an inter vivos trust for himself for life with the remainder to charity. In spite of the apparent intention of the decedent to circumvent chapter 360 of the Laws of 1860, the forerunner of section 17 of the Decedent Estate Law and EPTL 5-3.3, the court held (p 494), "[It] was entirely within the power and the right of Mr. Wallace to give to the college by deed of trust such part of his estate as he saw fit, and even though this was done in view of the statutory restrictions on *316 donations by will, his act contravened neither the letter nor the spirit of the statute.” In the case of a revocable inter vivos trust, the same result was reached under section 17 of the Decedent Estate Law-. (City Bank Farmers Trust Co. v Charity Organization Soc., 238 App Div 720, affd without opn, 264 NY 441.)
In spite of the case law which excludes inter vivos trusts from the limitations of 5-3.3, petitioner contends that a "secret trust” was created whereby the wife agreed not to exercise her power of appointment, thus facilitating a total "testamentary” scheme to leave an excessive amount to charity. Petitioner relies upon Amherst Coll. v Ritch (151 NY 282) to support his position. However, Ritch involved a testamentary bequest rather than an inter vivos trust such as the one at bar. In fact, the court expressly recognized the propriety of inter vivos dispositions to charity (p 334): "It [chapter 360] does not prevent him from giving all that he has to charity during his lifetime. It is aimed simply at the giving of an undue proportion to charity by will, when certain near relations have, in the opinion of the legislature, a better claim.”
Thus, Ritch has no application to the instant case. Here there is no secret trust under a will.
Whether the alleged agreement of the wife not to exercise the power of appointment is a "secret trust” or, for that matter, a valid and enforceable agreement, need not here be decided. There is no violations of the applicable statute (EPTL 5-3.3).
The statutory history and the use of the term "testamentary disposition”, in EPTL 5-3.3, is consistent with court decisions holding that the only dispositions subject to the limitations of EPTL 5-3.3 are those accomplished directly by will. In the Fourth Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (Report No. 1.9A, Legis Doc 1965, No. 19, pp 207-208) the commission discussed former section 17 of the Decedent Estate Law: "The statute 'does not prohibit charitable gifts altogether * * * . If the gift is not made by will * * * there is no prohibition.’ [Amherst Coll. v Ritch, 151 NY 282]. Thus only testamentary gifts are restricted. Inter vivos gifts to charities are not covered by the statute, nor are dispositions of property passing on death but outside the will of the testator. [Robb v Washington & Jefferson Coll., 185 NY 485; City Bank Farmers Trust Co. v Charity Organization Soc., 238 App Div *317 720, affd 264 NY 441]”. The commission detailed changes to be made with the enactment of EPTL 5-3.3 but expressed no intention to nullify the cases limiting operation of the statute to dispositions made by will. When the Legislature enacted EPTL 5-3.3, it was well aware of both Amherst College and statutes allowing testators to pour assets over into inter vivos trusts.
The widow (and stepmother of the petitioner) may very well not exercise the power of appointment granted to her in her husband’s will and that portion of the estate, therefore, may go to charity. Her husband gave her that option and her son cannot intimidate her to do otherwise for reasons best known to him. The decedent carefully planned his estate during his lifetime and this court will not do violence to that plan.
In essence, the decedent’s son has accused his parents of devising a scheme to partially disinherit him by leaving the bulk of decedent’s property to charity. Even if so, and as unpleasant as this situation may be from the petitioner’s standpoint, the action of the decedent and his wife in no way violates EPTL 5-3.3 or the cases decided thereunder.
The existence and validity of inter vivos trusts have long been recognized by the laws of the State of New York as well as countless other jurisdictions. This court cannot call a trust a will so as to bring into play a statute which by its terms was intended to apply to one and not the other. To hold otherwise would merely open a floodgate of litigation, uncertainty and doubt. The application is denied and the petition dismissed.