■ In the Matter of the Intermediate Accounting of LYMAN A. BEEMAN, as Trustee of a Trust Made by CHARLOTTE P. HYDE and Others, Respondent. MARY W. RENZ et al., Appellants. — Weiss, J. Appeals from an order of the Supreme Court at Special Term (Viscardi, J.), entered January 17, 1984 in Warren County, which, in a proceeding pursuant to CPLR article 77, *inter alia,* denied respondents' motion to compel petitioner to answer certain questions posed at his oral deposition.

The instant proceeding concerns three inter vivos trusts executed simultaneously in 1954 by Charlotte P. Hyde, Nell P. Cunningham and Mary H. Beeman, the corpus of which constitutes the majority of voting stock in a closely held corporation, Finch, Pruyn & Company, Inc. The settlors named both Mary H. Beeman and petitioner as trustees. In August of 1979, the

trustees commenced a proceeding for an intermediate accounting of the 1954 trusts. As part of the settlement of that accounting and earlier litigation commenced in the United States District Court for the Northern District of New York (see, Renz v Beeman, 589 F2d 735, cert denied 444 US 834), an agreement was reached in which Mary H. Beeman agreed to resign as trustee and the total number of trustees was increased to five, including petitioner. It was further agreed that in the event petitioner resigned, Mary H. Beeman reserved the right to designate his successor. The intermediate accounting covering the period from 1954 through October 1, 1981 was judicially approved in February 1982.

On August 16, 1982, petitioner submitted his written resignation as trustee, and Mary H. Beeman designated Peter J. Bruno as his replacement. In October 1982, petitioner again tendered his resignation upon counsel's suggestion that the initial resignation was ineffective, and Mary H. Beeman again appointed Bruno as his successor. In the meantime, by petition dated September 10, 1982, petitioner commenced proceedings for an intermediate accounting from October 1981 to the date of his August 1982 resignation. After respondents, beneficiaries of the 1954 trusts, appeared and served notices to take depositions upon oral examinations, petitioner unsuccessfully moved to discontinue the proceedings. Respondents' cross motions to compel petitioner's compliance with the motions to conduct oral examinations was granted (CPLR 3107, 3124, 7701). At the deposition, petitioner refused to answer numerous questions concerning his activities as an officer and director of the corporation, and the circumstances attendant his resignation, as well as the appointment of his successor. After respondents moved by order to show cause to compel petitioner to answer, Special Term concluded that the scope of the examination extended only to acts of petitioner in his capacity as a trustee relating to the items in the account. This appeal by respondents is limited solely to the January 17, 1984 order of Special Term limiting the scope of the examination before trial of petitioner. We reject respondents' urging that we review other orders and the judgment of September 2, 1981, none of which were appealed.

Initially, we note that rulings affecting the scope of pretrial examinations are not appealable as of right even if reduced to the form of an order (CPLR 5701 [a]; Siegel, NY Prac § 526, at 723 [1978]). Since respondents did not seek permission to appeal the order which simply refused to compel answers to certain questions in an examination before trial, the appeal should be dismissed (see, Smith v Colonie Truck Leasing Co., 38 AD2d 611; Kaplan v State of New York, 36 AD2d 655).

Were we to address the merits, we would conclude that Special Term did not abuse its broad discretion in limiting the scope of the examination to petitioner's acts in his capacity as trustee (*see, Nitz v Prudential-Bache Sec.,* 102 AD2d 914). Respondents contend that inasmuch as the trust corpus includes a controlling interest in the corporation, questions concerning the administration of the trust necessarily mandate inquiry into corporate management. We disagree. Pursuant to CPLR 7701, respondents, as parties to an express trust, are entitled to examine petitioner "as to any matter relating to their administration of the trust". This is precisely the purport of Special Term's order, which limits the examination to petitioner's acts as trustee insofar as they relate to the validity of the intermediate accounts. The disallowed questions do not involve the financial accuracy of the accounts or even questions of self-dealing on petitioner's part, but extend to events attendant petitioner's resignation and his activities as a director and officer insofar as these events affect the very power structure of the corporation (*cf. Matter of Hubbell,* 302 NY 246 [trustees with individual and representative ownership of entire outstanding stock of a corporation, whose activities were effecting a complete destruction of the trust corpus]). Special Term was entirely correct in concluding that such an inquiry extended beyond the scope of this proceeding (*see,* 22 Carmody-Wait 2d, NY Prac § 131.3, at 5 [1968]; *Matter of Houston,* 30 AD2d 999, 1000). Since petitioner appears in this proceeding as a trustee, he should be examined in that capacity (*Nagel v Nagel,* 242 App Div 845; *Pardee v Mutual Benefit Life Ins. Co.,* 238 App Div 294, 296-297).

Moreover, the record shows that certain of respondents have since commenced a separate action against the board of directors, including petitioner and his successor, which certainly constitutes the more appropriate forum for reviewing petitioner's actions as a director of the corporation and the appointment of his successor trustee. Nor will respondents be prejudiced in that action by the result in this proceeding, which will only affect matters contained in the accounts (*see, Joseph v Herzig,* 198 NY 456, 461; *Matter of Shehan,* 285 App Div 785, 790).

Appeals dismissed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.