■ SAMUEL P. HOOPES et al., Individually and as Trustees and/or Beneficiaries of the 1954 Trusts of CHARLOTTE P. HYDE et al., Appellants, v PETER J. BRUNO, Individually and as Trustee of the 1954 Trusts of CHARLOTTE P. HYDE et al., Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 16, 1986 in Warren County, which denied plaintiffs' motion for partial summary judgment.

The introductory facts underlying this trust controversy may be found in our prior decision in *Matter of Beeman* (108 AD2d 1010). Pursuant to her authority under the 1981 agreement of compromise and settlement, Mary H. Beeman appointed defendant as successor trustee in October 1982. It is essentially undisputed that upon defendant's appointment, nonfamily management trustees constituted a majority of the trust panel for the first time in the history of the corporation. Plaintiffs commenced the instant action pursuant to EPTL 7-2.6 seeking, *inter alia,* to remove defendant as a trustee of the 1954 trusts upon the grounds that he was engaged in self-dealing, that his positions as director, executive vice-president and trustee created an inherent conflict of interest, and that he has created inharmonious relations with the beneficiaries and trustees, all in violation of his fiduciary obligations to the trust beneficiaries. At issue on this appeal is the denial of plaintiffs' motion for partial summary judgment directing the removal of defendant and the appointment of Thomas H. Lapham, a trust beneficiary, as successor trustee. Supreme Court found that a full hearing was necessary to resolve the factual issues raised and we concur.

As a threshold matter, a question has been raised as to the pertinent standard of conduct against which defendant's actions must be measured. In general, a trustee's duty of undivided loyalty to the trust beneficiaries may, by appropriate language, be reduced to a standard of good faith and honesty *(see, e.g., Riviera Congress Assocs. v Yassky,* 18 NY2d 540; *O'Hayer v de St. Aubin,* 30 AD2d 419). Plaintiffs maintain that defendant is collaterally estopped from challenging the determination in *Renz v Beeman* (589 F2d 735, 744-748, *cert denied* 444 US 834) that the 1954 trust imposes an undivided loyalty standard. Although defendant was clearly not a party to that

earlier litigation, plaintiffs maintain that as successor trustee, defendant stands in privity with his predecessor, Lyman A. Beeman, Sr., and thus is collaterally bound by the *Renz* decision. We disagree.

Whether collateral estoppel applies presents a question of law turning on both an identity of issue and a full and fair opportunity to litigate that issue in the prior proceeding *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500-505). "Privity" denotes a "mutually successive relationship of the same rights to the same property" *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 486). Applying these principles, we discern no bar to defendant's relitigating the standard of conduct question. The *Renz* decision not only preceded defendant's appointment as a trustee, but also the 1981 agreement of compromise and settlement, which amended the 1954 trusts by, *inter alia,* increasing the number of trustees from two to five. Of the five trustees initially appointed pursuant to this agreement, four were then directors or officers of the corporation. These appointments were consistent with the fact that when Lyman A. Beeman, Sr., was appointed trustee of the 1954 trusts, he was both a director and president of the company. Considering this history, we find the language of the trust agreement* sufficiently ambiguous to raise a factual question as to whether the settlors intended to reduce the fiduciary standard to one of good faith.

In any event, under either standard, triable issues of fact are present as to whether defendant violated his duties as trustee. Plaintiffs maintain that defendant compromised his fiduciary obligations when he accepted a promotion to executive vice-president in 1983. In effect, plaintiffs assert that an inherent conflict exists between defendant's management and trustee ·positions that justifies his removal. Given the corporate history of dual fiduciary roles, we cannot agree that defendant's positions constitute a breach of duty as a matter of law *(see, Matter of Knollwood Real Estate Co.,* 17 Misc 2d 159, 160-161). Lyman A. Beeman, Sr., Lyman A. Beeman, Jr., Elmer S. White, Richard J. Carota and plaintiff Samuel P. Hoopes were all elected as corporate officers while serving as trustees. Moreover, prior to his appointment as trustee, defendant was both a director and manager of manufacturing,

---

* The relevant provision reads as follows: "The decision of the Trustees with respect to the exercise or non-exercise by them of any discretionary power hereunder, or the time or manner of the exercise thereof, made in good faith, shall fully protect them and shall be conclusive and binding upon all persons interested in the trust estate."

second only to the company's president with respect to budget, personnel and operations responsibilities. At the very least, a question of fact exists as to whether it was contemplated by, and acceptable to, the settlors that trustees would also serve as officers of the corporation.

Further issues of fact are evident with respect to plaintiffs' various assertions of self-dealing. The principal objection in this regard is defendant's purported participation in a leveraged buy out of the corporation, proposed by First Boston Corporation in October 1985. Plaintiffs emphasize that pursuant to the terms of this proposal, which ostensibly undervalued the corporation, defendant would have received a 3.2% interest in the corporation in return for a $320,000 contribution, making himself an "overnight multimillionare". In defendant's affidavit in opposition, together with that of Richard J. Carota, chairman of the board of trustees and chief executive officer, defendant responded that he was not involved in either the formulation of the leveraged buy out proposal or the corporation's ultimate decision to let the proposal lapse. Although defendant stood to gain financially from the buy out, it is noteworthy that the proposal was formulated by First Boston Corporation and, as plaintiffs concede, participation by the current corporate management was an integral component of the proposed transaction. Moreover, defendant averred that he would have participated in the transaction only if it served the best interests of the shareholders, and upon their approval. He further withdrew from any proposed participation when apprised of objections by the beneficiaries. These circumstances prevailing, a genuine factual issue exists as to the propriety of defendant's response to the buyout proposal.

Defendant's affidavit and that of Carota further rebut plaintiffs' allegations of misconduct relating to defendant's salary increases and his employment contract, which benefits were ostensibly offered on the advice of independent consultants. As to the assertion that defendant has occasioned discord among the trustees and trust beneficiaries, we emphasize that the removal of a trustee is a drastic action not to be undertaken absent a clear necessity (see, Matter of Vermilye, 101 AD2d 865; 61 NY Jur, Trusts, § 245, at 429 [1968]). As indicated, Mary H. Beeman appointed defendant pursuant to her unrestricted right to select a successor trustee to her husband Lyman A. Beeman, Sr. Although plaintiffs clearly preferred the appointment of a family member as successor trustee, their disillusionment with the selection made is not chargeable to defendant. Instead, any purported disharmony must be

gauged on defendant's own actions, and a clear issue of fact exists in this regard. Accordingly, Supreme Court properly denied plaintiffs' motion in its entirety *(see, Riviera Congress Assocs. v Yassky,* 18 NY2d 540, 548-549, *supra; Della Porta v Hartford Fire Ins. Co.,* 118 AD2d 1045, 1046).

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.

