■ In the Matter of the Claim of EDWARD J. MORGAN, Respondent. EMPIRE STATE REGIONAL COUNCIL OF CARPENTERS, Appellant; COMMISSIONER OF LABOR, Respondent. [777 NYS2d 813]—

Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 2002, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by the carpenters' union from 2001 to 2002 as a council representative, responsible for organizing nonunion contractors and making sure that union contractors abided by their contracts. Since 1986, claimant had also served as a trustee and the chair of the board of trustees of several trust funds, run jointly by union and management members. Claimant was asked by the business manager to submit to the board of trustees an amendment to the trust documents that would have given him authority to remove the union trustees at will. Claimant testified that he did so, however, the amendment was not approved. Thereafter, the manager demanded that claimant remove two of the union trustees. Claimant refused to do so, following the advice of the trust funds' attorney. Subsequently, claimant was terminated. After a hearing, an Administrative Law Judge sustained the initial determination denying claimant unemployment insurance benefits. Claimant appealed, and the Unemployment Insurance Appeal Board reversed. The Board found that claimant's actions as a trustee were not sufficiently connected to his employment to constitute disqualifying misconduct and, in any event, credited claimant's testimony that he had not been insubordinate. The employer appeals.

Substantial evidence supports the Board's decision. It is clear that the employer's dissatisfaction with claimant is related not

to his employment, but rather to his role as a trustee, which was not included in his general job duties. Indeed, claimant was never given a warning for poor job performance by the employer. In any event, the employer's argument that claimant had not complied with its request to place the amendment to the trust documents before the trustees raised a credibility issue for the Board's resolution (*see Matter of Frazier [Commissioner of Labor]*, 273 AD2d 676 [2000]). Furthermore, the employer and claimant agreed that claimant did not have the authority to remove the other union trustees. Indeed, claimant, as a trustee, bears a "duty of undivided loyalty to the trust beneficiaries," the trust fund participants (*Hoopes v Bruno*, 128 AD2d 991, 991 [1987]). As such, it cannot be said that the employer could reasonably request that claimant comply with its directive to remove other trustees in any case, as that directive conflicted with the trust documents (*cf. Matter of Caryl [Morton Salt Div. of Morton Thiokol—Roberts]*, 96 AD2d 989, 990 [1983]; *Matter of Markowitz [New York City Human Resources Admin.—Roberts]*, 94 AD2d 155, 156 [1983]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs.