GERALDINE M. PARKER et al., Respondents, v J. RUSSELL ROGERSON, Individually, and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Respondents-Appellants, and MANUFACTURERS HANOVER TRUST COMPANY, Individually, and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Appellants-Respondents. (Appeal No. 1.)—Order unanimously modified in accordance with memorandum and as modified affirmed, with costs, to Manufacturers Hanover Trust Company. Memorandum: In granting the order of December 21, 1973 it appears that the court misunderstood the intent of Hanover's counsel when the latter stated that it was not then making an application for attorney's fees but only for a determination that Rogerson, its cofiduciary, is liable for Hanover's expenses in prosecuting him for his self-dealing. Hanover's counsel stated specifically that it as executor sought to have the estate "made whole insofar as that part of the prosecution of this lawsuit involving Mr. Rogerson's self-dealing is concerned". He added that in a letter to counsel the court had directed that at the hearing on the objections to the account "detailed requests for allowances will be made by the *plaintiffs"* (emphasis added); and that counsel for Hanover [defendant] agreed with counsel for Rogerson [defendant] that defendants' application for allowances should be made later. In its memorandum the court demonstrated its misunderstanding of the position of Hanover's counsel when it wrote that he "does not seek attorney's fees but a reimbursement of the expenses incurred" because "intertwined in its appearances is its defense in the actions brought against it". Despite the general rule in the United States that a party to a lawsuit cannot require his opponent to pay his legal expenses therein (see *Alyeska Pipeline Serv. Co. v Wilderness Soc.,* 421 US 240;

*City of Buffalo v Clement Co.,* 28 NY2d 241, 262–263), an errant fiduciary may be surcharged for the legal expenses incurred in establishing his wrongdoing and obtaining recoupment *(Matter of Garvin,* 256 NY 518; *Matter of Hidden,* 243 NY 499, 514; *Matter of Bausch,* 280 App Div 482) insofar as it appears that the services rendered were not solely for the defense of the cofiduciary but were performed to establish the wrong committed by the errant fiduciary and to recoup from him the loss which he has caused to the estate. Indeed, Hanover had the duty upon learning of that self-dealing by its cofiduciary Rogerson, to take reasonable action to redress the breach and restore to the trust the diverted assets *(Croft v Williams* 88 NY 384, 389; *Matter of Westerfield,* 32 App Div 324, 334–344; 48 App Div 542; app dsmd 163 NY 209; III Scott, Trusts [3d ed], § 224.5). The sixth ordering paragraph of the order of December 21, 1973 should, therefore, be modified by adding to it the provision that jurisdiction of the Supreme Court in this matter is retained and continued for the purpose of determining the amount which should be awarded to Hanover against Rogerson and Phelps Can Company for attorney's fees and expenses incurred by Hanover as executor of the will of Geraldine Gebbie Bellinger, deceased, limited, however, to its prosecution of its cross claims against them for the misconduct of cofiduciary Rogerson in which Phelps Can Company participated. The matter is remitted to the Supreme Court to take evidence thereof and determine the amount to which Hanover is entitled and to grant judgment therefor. In view of the foregoing determination, the appeal from the order of April 9, 1974 is moot and is dismissed; and the appeal from the order of October 30, 1974 is affirmed. (Appeals from order of Erie Trial Term in action to declare constructive trust.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ. [76 Misc 2d 705.]