*City of Buffalo v Clement Co.,* 28 NY2d 241, 262–263), an errant fiduciary may be surcharged for the legal expenses incurred in establishing his wrongdoing and obtaining recoupment *(Matter of Garvin,* 256 NY 518; *Matter of Hidden,* 243 NY 499, 514; *Matter of Bausch,* 280 App Div 482) insofar as it appears that the services rendered were not solely for the defense of the cofiduciary but were performed to establish the wrong committed by the errant fiduciary and to recoup from him the loss which he has caused to the estate. Indeed, Hanover had the duty upon learning of that self-dealing by its cofiduciary Rogerson, to take reasonable action to redress the breach and restore to the trust the diverted assets *(Croft v Williams* 88 NY 384, 389; *Matter of Westerfield,* 32 App Div 324, 334–344; 48 App Div 542; app dsmd 163 NY 209; III Scott, Trusts [3d ed], § 224.5). The sixth ordering paragraph of the order of December 21, 1973 should, therefore, be modified by adding to it the provision that jurisdiction of the Supreme Court in this matter is retained and continued for the purpose of determining the amount which should be awarded to Hanover against Rogerson and Phelps Can Company for attorney's fees and expenses incurred by Hanover as executor of the will of Geraldine Gebbie Bellinger, deceased, limited, however, to its prosecution of its cross claims against them for the misconduct of cofiduciary Rogerson in which Phelps Can Company participated. The matter is remitted to the Supreme Court to take evidence thereof and determine the amount to which Hanover is entitled and to grant judgment therefor. In view of the foregoing determination, the appeal from the order of April 9, 1974 is moot and is dismissed; and the appeal from the order of October 30, 1974 is affirmed. (Appeals from order of Erie Trial Term in action to declare constructive trust.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ. [76 Misc 2d 705.]

■ GERALDINE M. PARKER et al., Respondents, v J. RUSSELL ROGERSON, Individually and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Respondents, and MANUFACTURERS HANOVER TRUST COMPANY, Individually and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Appellants. (Appeal No. 2.)—Appeal unanimously dismissed as moot. Same memorandum as in *Parker v Rogerson* (49 AD2d 689). (Appeal from order of Erie Special Term denying motion to resettle order.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.

■ GERALDINE M. PARKER et al., Respondents, v J. RUSSELL ROGERSON, Individually, and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Respondents, and MANUFACTURERS HANOVER TRUST COMPANY, Individually and as Executor and Trustee of GERALDINE G. BELLINGER, Deceased, et al., Appellants. (Appeal No. 3.)—Order unanimously affirmed. Same memorandum as in *Parker v Rogerson* (49 AD2d 689). (Appeal from order of Erie Special Term, denying motion to certify record on appeal.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.

■ ARNOLD JOHNSON et al., Respondents, v BETHESDA COMMUNITY HOSPITAL, Appellant. (Appeal No. 1.)—Judgment and order reversed, on the facts, and a new trial granted, with costs, to appellant to abide the event, unless the plaintiff wife shall, within 10 days, stipulate to reduce the verdict in her favor to the sum of $3,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly and as modified affirmed, without costs. All concur, except Moule, J. P., who dissents in part in the following memorandum: I dissent and vote to reduce the damages to $75,000 for the injured plaintiff and to $2,500 for his wife in her derivative action. The record shows that although there was some scarring and disfiguration