OPINION OF THE COURT
Irving A. Green, S.
This is an application to fix the compensation to be paid the guardian ad litem appointed to protect the interests of an infant, Adam Robert Liss, a legatee under the will of his father admitted to probate by this court on March 17, 1978.
The proceeding in which the appointment of the guardian ad litem was made was upon a petition by the decedent’s brother, a coexecutor of the estate, to purchase individually the estate’s interest in a business and a parcel of improved commercial real estate. The interest in the business sought to be purchased had been jointly maintained by the decedent and the petitioner.
*618 Petitioner, aware of his sensitive relationship to the estate and the legatees as a fiduciary, petitioned the court for approval of the sale. (Matter of Rothko, 84 Misc 2d 830, 838; Matter of Scarborough Props. Corp., 25 NY2d 553.) After the petition had been filed, citation issued, and a guardian ad litem appointed, the petitioner addressed a letter to the clerk of the court, dated October 26, 1979, that the petition was withdrawn.
The natural mother of the infant, who is not the legal guardian of his properties, objects, by affidavit, to payment of the guardian ad litem’s fee out of the general assets of the estate.
SCPA 2301 reposes in the discretion of the Surrogate, and in the proportions fixed by him, the funds from which payment is made of allowances for the necessary services of the guardian ad litem. Generally, the rule is that a fiduciary may be surcharged with another interested party’s counsel fee where the fiduciary is guilty of misconduct that necessitated the expense. (Parker v Rogerson, 49 AD2d 689; Matter of Garvin, 256 NY 518.) However, in this case, there is no issue of any misconduct or bad faith on the part of the petitioner. The petitioner’s purchase of the estate’s interest in the subject business and property properly could be acquired by him only after court approval since as a fiduciary of the estate he could not engage in self-dealing. (Matter of Rothko, supra; Matter of Scarborough Props. Corp., supra.) Although the sale was not consummated, the services of the guardian ad litem were necessary for both jurisdictional purposes in the proceeding as well as for the oversight and protection of the interests of the infant. Accordingly, such services properly are an estate expense and should be borne as such.
The court fixes the fees of the guardian ad litem in the sum requested, together with disbursements in the sum of $50.