■ In the Matter of the Estate of KENNETH F. CAMPBELL, Deceased. HARRY J. CAMPBELL, as Administrator of the Estate of KENNETH F. CAMPBELL, Deceased, Appellant-Respondent; MARGARET CHIRKIS et al., Respondents-Appellants.—Yesawich, Jr., J. (1) Cross appeals from an order of the Surrogate's Court

of Columbia County (Leaman, S.), entered December 8, 1986, which, *inter alia,* assessed a surcharge against petitioner's commissions as administrator, (2) appeal from an order of said court, entered February 26, 1987, which, *inter alia,* further surcharged petitioner's commissions, and (3) appeal from an order of said court, entered May 13, 1987, which granted petitioner's motion to reconsider the order of February 26, 1987 and, upon reconsideration, adhered to the same.

Decedent, Kenneth F. Campbell, died intestate in January 1981 leaving as heirs respondents, who are his nieces, and petitioner, his nephew. Petitioner was appointed administrator of decedent's estate on April 16, 1981. The first attorney employed by petitioner died in September 1981, at which point a lawyer in the same office continued handling the estate until late 1983; they received $3,500 from the estate as compensation for their services. Petitioner then retained his present attorney who has requested $12,000 in fees for his services on behalf of the estate. Disposition of the estate has been unusually protracted considering its simplicity (primarily liquid assets to be distributed to three heirs of equal kinship).

On June 6, 1986, a hearing was held to determine whether petitioner's final accounting should be approved or whether certain of respondents' objections should be deemed meritorious. Following pretrial discussions, the parties stipulated that five issues were to be considered; because respondents have abandoned their cross appeal, only two are relevant here: (1) whether, and in what amount, to surcharge petitioner for counsel fees allowable to the present estate attorney, and (2) as set out by Surrogate's Court in its decision, "the propriety of directing the estate to pay [respondents'] attorneys' fees". Surrogate's Court found (1) that although the current estate attorney's fee of $12,000 is reasonable, petitioner should be surcharged for $3,500 thereof, and (2) that petitioner should also be surcharged, out of his commissions, for respondents' reasonable legal fees and related disbursements incurred by them in connection with the trial of the objections to the accounting. Petitioner appeals from so much of the court's orders as impose surcharges against his commissions.

If an administrator maladministers an estate, or otherwise acts improperly, commissions may be denied or surcharged *(see, e.g., Matter of Roberts,* 19 AD2d 391, 396). In the instant case, Surrogate's Court granted petitioner's commissions but surcharged them in an amount equal to the fees of the estate's first two attorneys to reflect the cost of duplicative work the estate's current attorney had to perform, the unusual delay in

administering this relatively simple estate, and the improper administration of the estate, such as late payment of Federal tax, with resultant penalties. This determination is well within the discretion of Surrogate's Court *(see, Matter of Greatsinger,* 67 NY2d 177, 181) and is supported by the record evidence.

Surrogate's Court is also empowered to charge an administrator personally for legal expenses incurred in establishing the latter's wrongdoing *(see, Matter of Garvin,* 256 NY 518, 521-522; *Parker v Rogerson,* 49 AD2d 689, 690). However, petitioner maintains that the stipulation the parties entered into prior to the hearing that spawned the orders being reviewed limited this issue to whether respondents' legal fees and other disbursements should come from the estate; if this is so, the court improperly went beyond the scope of the stipulated issue *(see, Nishman v De Marco,* 76 AD2d 360, 368-369, *appeal dismissed* 53 NY2d 642) in surcharging petitioner for those fees and disbursements. Because the actual stipulation is not in the record, the matter must be remitted for a determination of how this issue was indeed framed by the court and the parties. It goes without saying that if it was agreed that the court was to consider whether respondents' legal expenses were to be exacted from petitioner, he must be afforded an opportunity, on remittal, to defend himself on that question.

Orders entered December 8, 1986 and February 26, 1987 modified, on the law, without costs, by reversing so much thereof as assessed payment of respondents' legal fees and disbursements against petitioner; matter remitted to the Surrogate's Court of Columbia County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.

Appeal from order entered May 13, 1987 dismissed, as academic, without costs. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.