■ In the Matter of the Estate of EVA D. EVERHART, Deceased. LILLIAN O. MORSE, Respondent; VIRGINIA MORSE, Individually and as Executor of EVA D. EVERHART, Deceased, Appellant, et al., Respondent. [640 NYS2d 621] —White, J. Appeal from an order of the Surrogate's Court of Tompkins County (Sherman, J.), entered February 16, 1995, which directed respondent to file a judicial accounting.

On June 22, 1979, decedent executed a land contract, agreeing to sell two parcels of real property she owned in the Town of Dryden, Tompkins County, for $45,000. The contract provided that the vendees would pay $500 down and the balance of $44,500 in monthly installments of $175, without interest, commencing on July 1, 1979. Thereafter, on October 18,

---

1979, decedent executed a last will and testament wherein she devised to respondent Virginia Morse (hereinafter respondent) "all real property owned by me at the time of my death" and bequeathed her residuary estate to petitioner and others. Following decedent's death in May 1981, respondent, the executor of the will,* treated the land contract as a mortgage and made yearly distributions of the payments received thereunder to the residuary legatees. She continued this practice until May 1992 when she informed the residuary legatees she would discontinue doing so because of "excess financial restrictions" placed upon her.

Petitioner responded by moving for an order compelling respondent to account. Respondent resisted the motion, claiming that, because decedent devised all her real property to her, the land contract payments belonged to her. Surrogate's Court, finding that the subject payments were personal property for purposes of distribution, rejected this argument and ordered respondent to account. This appeal by respondent ensued.

Our analysis begins by noting that in account matters Surrogate's Court enjoys broad discretionary power to " 'make such order or decree as justice shall require' " (*Matter of Stortecky v Mazzone*, 85 NY2d 518, 524, quoting SCPA 2206 [3]). For the reasons that follow, we find that Surrogate's Court did not abuse its discretion and, accordingly, affirm.

It has long been established that, upon the execution of a land contract, the owner of the real estate is treated as the owner of the purchase money which becomes personal property (*see, New York Cent. & Hudson Riv. R. R. Co. v Cottle*, 187 App Div 131, 144, *affd* 229 NY 514; *Bean v Walker*, 95 AD2d 70, 72). EPTL 13-1.1 (a) (7) reflects this precept as does case law (*see, Matter of Boshart*, 107 Misc 697, *affd* 188 App Div 788; *Matter of Ashback*, 103 Misc 147; *see also*, 3 Warren's Heaton, Surrogates' Courts § 227 [11] [c] [6th ed] [money remaining unpaid on contract for sale of land is deemed an asset of the estate]). Thus, given the weight of authority and the absence of testamentary language specifically bequeathing the payments under the land contract to respondent, the issuance by Surrogate's Court of the challenged order was an appropriate exercise of discretion.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Surrogate's Court removed respondent as executor and appointed a successor executor who has been allowed to intervene in this appeal.