■ In the Matter of ROSE BB., a Person Alleged to be Incapacitated. RICHARD BB., Respondent; LOUIS BB., Appellant. STEVEN I. GOTTLIEB, Appellant. [663 NYS2d 415] —Cardona, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered October 1, 1996 in Ulster County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to hold respondent and Steven I. Gottlieb in contempt of court.

In October 1994, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to have a guardian appointed to manage his mother's affairs due to her advanced age and dementia. Over the objection of respondent, who is petitioner's brother, attorney James Benson was appointed the mother's general guardian. Notably, at that time petitioner and respondent were cotrustees along with their mother of a valuable trust created in 1980. Many times throughout these proceedings, petitioner has raised various allegations concerning respondent's alleged abusive behavior toward their mother, his failure to protect trust assets and use of coercive tactics to force her to, *inter alia*, turn over assets to him.

In June 1996, petitioner and Benson, by order to show cause, sought removal of respondent as trustee based on, *inter alia*, his alleged failure to fulfill his fiduciary responsibilities. In a separate motion, Benson sought to be named a cotrustee of the trust in place of the mother. While these motions were pending, petitioner, by order to show cause dated August 30, 1996 returnable on September 13, 1996, brought a motion seeking to have respondent and his attorney, Stephen I. Gottlieb (herein-

after collectively referred to as appellants), held in contempt, principally for continuing to hold themselves out as attorneys-in-fact for the mother in their pleadings even though a prior order of Supreme Court revoked that power. Petitioner's motion papers also stated that it sought to "renew" earlier applications in the litigation for contempt against appellants that had been, *inter alia*, dismissed without prejudice. Appellants' attorney indicated that her clients could not appear due to health problems and in an affidavit requested an adjournment or, in the alternative, that the new allegations of contemptuous conduct be decided on the motion papers. The affidavit on appellants' behalf disputed the new allegations but did not refer to any earlier motions.

On September 13, 1996, Supreme Court indicated that appellants' nonappearance would not be excused and that all relief requested by petitioner would be granted. Supreme Court issued an order dated September 25, 1996 whereby respondent and Gottlieb were found in contempt of court, fined $250 and sentenced to 10 days in the Ulster County Jail. Furthermore, respondent was, *inter alia*, relieved of his duties as a trustee for the trust. Appellants appeal.

Initially, with respect to respondent's removal as trustee and Benson's substitution for the mother, we find that it was error for Supreme Court to summarily grant this and related relief without proper notice to respondent that these issues would be considered and determined on the return date of the contempt motion. "[T]he removal of a trustee is a drastic action not to be undertaken absent a clear necessity" (*Hoopes v Bruno*, 128 AD2d 991, 993; *see, Matter of Vermilye*, 101 AD2d 865). Although serious allegations of misconduct were alleged against respondent, none of the allegations were substantiated by evidentiary proof. Accordingly, we are constrained to conclude under the circumstances that the removal of respondent as trustee and the appointment of Benson was improper without a hearing, given, *inter alia*, the questions of fact regarding respondent's conduct (*see, Hoopes v Bruno, supra*, at 992).

Turning to the contempt finding, while we appreciate Supreme Court's frustration with appellants' conduct, we cannot ignore the cumulative effect of various procedural irregularities. Initially, although not always fatal, we note that the order fails to state whether the contempt is civil or criminal in nature (*see, Willis v Kepner*, 109 AD2d 950, 951). Additionally, the numerous allegations in the various motions against appellants were disputed and the record was not fully developed (*see, Matter of Ross v Sherwood Diversified Servs.*,

88 AD2d 936). Furthermore, the notice to appellants was arguably not clear that all prior allegations were to be disposed of on September 13, 1996 (*see, Matter of Proper v Proper*, 144 AD2d 712, 713). Assuming, arguendo, that these matters were properly noticed, Supreme Court's bench remarks that appellants were being found in contempt for failing "to preserve the assets of an elderly woman" and "impeding this Court" were not sufficiently specific to support the contempt finding in this instance. Thus, we conclude that the contempt motion should be remitted for a hearing upon proper notice and findings of fact (*see, id.*; *Matter of Ross v Sherwood Diversified Servs.*, supra).

Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.