■ In the Matter of the Estate of WALTER J. MOONEY, Deceased. FLEET TRUST COMPANY, as Successor to STATE BANK OF ALBANY, Appellant; WALTER J. MOONEY, JR. et al., Respondents. [694 NYS2d 784] —Mikoll, J. P. Appeal from an order of the Surrogate's Court of Saratoga County (Seibert, Jr., S.),

entered May 6, 1998, which denied petitioner's motion to dismiss or transfer certain objections to petitioner's accounting filed by respondents Walter J. Mooney, Jr. and Frances E. Madden.

The underlying facts of the instant proceeding involve six testamentary trusts to which Walter J. Mooney (hereinafter decedent) left stocks of two related, closely held corporations, Ballston Knitting Company, Inc. (hereinafter BKC) and Frank B. Graves Company (hereinafter Graves). Respondents Walter J. Mooney, Jr. and Frances E. Madden and petitioner were co-trustees for said trusts. Mooney and Madden were also shareholders of BKC and Graves and served as directors of BKC.

Petitioner filed six intermediate accountings in Surrogate's Court seeking a judicial settlement of accounts pertaining to the six testamentary trusts. Mooney and Madden filed separate objections to the accounting; joint objections were also filed by the remainder beneficiaries.

This proceeding involves petitioner's motion to dismiss or transfer to Supreme Court Madden's first objection (hereinafter Madden's objection No. 1) and to transfer to Supreme Court Mooney's tenth objection (hereinafter Mooney's objection No. 10) on the grounds that Surrogate's Court lacked subject matter jurisdiction over said objections and that Madden lacked standing to assert the same.

Madden's objection No. 1 basically alleges that petitioner and Mooney breached their duties as trustees by Mooney's interference in BKC's and Grave's business operations and petitioner's acquiescence in such interference.

Mooney's objection No. 10 asserts that petitioner and Madden breached their fiduciary duties as trustees by improperly usurping control of the Board of Directors of BKC and Graves and using such control to adversely affect the business and diminish the value of stock owned by the trusts.

In 1992, Mooney commenced an action in Supreme Court to nullify the election results of the directors of BKC and Graves after being ousted as director of BKC. The basis of the complaint was that Madden violated a shareholder's agreement by failing to elect him to the Board of Directors of BKC and that petitioner did not qualify as a trustee. This matter is not yet resolved and awaits trial in Supreme Court. Mooney's motion to remove the matter to Surrogate's Court was denied on April 1, 1998 by Supreme Court on the ground that Surrogate's Court lacked subject matter jurisdiction because the dispute in issue was between living parties and did not involve decedent's

estate (*see, Mooney v Madden*, Sup Ct, Saratoga County, Apr. 1, 1998, Ferradino, J.).

Surrogate's Court, on May 6, 1998, denied petitioner's motion to dismiss or transfer to Supreme Court Madden's objection No. 1 and to transfer to Supreme Court Mooney's objection No. 10. On reargument, petitioner urged that collateral estoppel barred Mooney from relitigating in Surrogate's Court the issue of subject matter jurisdiction with respect to Mooney's objection No. 10 based upon Supreme Court's prior determination that Surrogate's Court lacked subject matter jurisdiction over Mooney's challenge to the results of the elections of the directors for BKC and Graves. Surrogate's Court found that it could not determine as a matter of law that Mooney's objection No. 10 and his prior claims were identical issues. This appeal ensued.

Petitioner contends that respondents have no standing to assert certain of their objections, which can only be asserted through a shareholder's derivative action. Petitioner further contends that Mooney and Madden are precluded from maintaining a shareholder derivative action on behalf of BKC and Graves because of their failure to comply with the requirements of Business Corporation Law § 626 (c).[1] Finally, petitioner asserts that Surrogate's Court lacks subject matter jurisdiction to adjudicate respondents' objections.

On the question of standing, we note that the objections allege a breach of duty, independent of any duty owed to the corporations, namely the fiduciary duty of a trustee. The objections do not seek to vindicate a wrong to BKC and Graves but, rather, seek relief that would directly benefit the trusts. Thus Madden could sue in her individual capacity. Petitioner's motion to dismiss Madden's objection No. 1 was properly denied.[2]

On the question of whether Surrogate's Court has subject matter jurisdiction to adjudicate the objections, petitioner urges that the objections relate to disputes amongst living persons, do not affect decedent's estate and are thus beyond the purview of Surrogate's Court limited jurisdiction. It is settled law that Surrogate's Court may only entertain those matters relating to estates and affairs of decedents (*see*, NY Const, art VI, § 12 [d];

---

1. Business Corporation Law § 626 (c) provides that in a shareholder derivative action, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort".

2. Since petitioner did not move below to dismiss Mooney's objection No. 10, such relief cannot be granted for the first time on appeal (*see, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

SCPA 201 [3]). The objections relating to the alleged mismanagement and malfeasance of BKC and Graves, though facially appearing to involve contentions between living persons, on closer scrutiny, clearly seek to recover damages on behalf of trusts. There thus appears to be a controversy affecting decedent's estate. Surrogate's Court has jurisdiction to inquire into the conduct of trustees as directors of corporations and hold them liable for injuries to decedent's estate (see, Matter of Gerbereux, 148 Misc 461, 466). We therefore conclude that Surrogate's Court properly reserved to itself jurisdiction over Madden's objection No. 1 and Mooney's objection No. 10.

On the question of collateral estoppel, although Supreme Court denied Mooney's request to remove his claim against Madden to Surrogate's Court on jurisdictional grounds, it does not appear that the jurisdictional issue decided by Supreme Court is entirely identical to the jurisdictional issue herein. We thus hold that Surrogate's Court was not foreclosed from deciding the issue.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.