■ In the Matter of a Trust Created by ROSE BB., Deceased. JAMES D. BENSON, as Cotrustee of a Trust Created by ROSE

BB., Deceased, Respondent; Louis BB., Appellant, and RICHARD BB., Respondent. [757 NYS2d 132] —Cardona, P.J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered December 12, 2001, which judicially settled the final accounting of decedent's trust.

The factual history underlying the present appeal is detailed in previous decisions of this Court (*see Matter of Rose BB.*, 262 AD2d 805 [1999], *lv dismissed* 93 NY2d 1039 [1999]; *Matter of Rose BB.*, 246 AD2d 820 [1998]; *Matter of Rose BB.*, 243 AD2d 999 [1997]), with the most recent appeal presented in October 2002 (*see Matter of Rose BB.*, 300 AD2d 868 [2002]). Briefly, in 1980, decedent created an irrevocable trust for her own benefit and named herself and respondent Richard BB. as cotrustees. In 1986, the trust was amended to add respondent Louis BB. as a third cotrustee. On March 25, 1996, decedent was adjudged unable to manage her affairs and petitioner was appointed her guardian pursuant to Mental Hygiene Law article 81. In September 1996, Supreme Court, inter alia, appointed petitioner to be a cotrustee although that order was reversed by this Court in October 1997 (*see Matter of Rose BB.*, 243 AD2d 999, 999-1000 [1997], *supra*). Decedent died on December 22, 1996 and, on August 2, 2000, by stipulation in open court, respondents settled the estate. The enforceability of that stipulation was appealed by Louis BB. and this Court upheld the stipulation (*see Matter of Rose BB.*, 300 AD2d 868 [2002], *supra*). During the pendency of all these proceedings, petitioner continued to manage decedent's personal and property matters until he submitted his accounting on May 15, 2001. In December 2001, Surrogate's Court judicially settled and approved petitioner's final accounting resulting in this appeal by Louis BB.

Initially, we do not agree that Surrogate's Court erred by equally dividing the commission due petitioner between Louis BB. and Richard BB. for his management of the trust properties after the date of the stipulation. According to Louis BB., the apportionment should have been on a pro rata basis depending upon the amount of income producing property each received pursuant to the stipulation. Notably, the stipulation of August 2, 2000 makes no reference to a pro rata split of the commission to be paid to petitioner on any basis. In denying Louis BB.'s request herein, Surrogate's Court determined that it would not be justifiable to allow Louis BB. to pay less than 50% of the fees owed when it was his failure to comply with the court order that necessitated petitioner's continued management of the trust properties after August 2, 2000 (*see*

*id.*). Under the particular circumstances herein, there is no proof in this record warranting a finding that Surrogate's Court abused its discretion in equally dividing the commission owed.

Next, Louis BB. argues for the first time that, inter alia, petitioner's commissions were improper because they should have been calculated pursuant to SCPA 2307 (fiduciary commissions) rather than SCPA 2309 (trustee commissions) inasmuch as his cotrusteeship ended in October 1997* and he only continued as decedent's guardian thereafter. Significantly, the record confirms that Louis BB. never objected to the method used by petitioner to compute his commission, nor did he raise these issues in Surrogate's Court. Therefore, it is improper to set forth these arguments on appeal (*see Matter of Wible*, 284 AD2d 622, 624 [2001]; *Matter of Mooney*, 263 AD2d 727, 729 n 1 [1999]; *Matter of Gates*, 120 AD2d 890, 892 [1986]). We are unpersuaded by the argument that preservation was not required because SCPA 2309 is inapplicable as a matter of law. Mental Hygiene Law § 81.28 specifically recognizes that SCPA 2309 can be utilized for guidance in computing compensation for guardians under circumstances as present herein (*see Matter of Arnold O.*, 256 AD2d 764, 766-767 [1998]; *see also Matter of Lindsay*, 276 AD2d 451, 451-452 [2000]). Any questions as to the appropriateness of this statute could have been reviewed had a proper objection been made. If that was done, there would have been an opportunity to further develop the record if necessary. As it stands, there is nothing before us establishing that Surrogate's Court abused its discretion as a matter of law.

The remaining arguments raised by Louis BB. which have not been specifically addressed herein have been considered and found to be unpreserved and/or without merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Louis BB. incorrectly contends that petitioner would not be entitled to any commissions for the period he separately served as cotrustee as a matter of law based upon a provision in the trust agreement waiving commissions for trustees. The provision in question unequivocally states that the compensation waiver only applies to the original trustees, not successor trustees such as petitioner, therefore, a commission would not be prohibited (*see Matter of Arnold O.*, 279 AD2d 774, 777 [2001]).