■ In the Matter of the Estate of Rose BB. Richard BB., Respondent; Louis BB., Appellant. (And Another Related Proceeding.) [791 NYS2d 201]—

Cardona, P.J. Appeals (1) from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered September 30, 2003, which scheduled a hearing, (2) from an order of said court, entered March 2, 2004, which granted petitioner's motion for counsel fees and disbursements, and (3) from the judgment entered thereon.

The history of this protracted litigation is fully detailed in this Court's previous decisions (see 303 AD2d 873 [2003]; 300 AD2d 868 [2002]; 262 AD2d 805 [1999], appeal dismissed 93 NY2d 1039 [1999]; 246 AD2d 820 [1998]; 243 AD2d 999 [1997]). Briefly, in 1994, petitioner commenced a Mental Hygiene Law article 81 proceeding seeking the appointment of a guardian of the person and property of decedent, the parties' mother (243 AD2d 999, 999 [1997], supra). Decedent died in December 1996, whereupon the guardianship proceeding was transferred to Surrogate's Court and consolidated with a probate proceeding commenced therein by respondent (see 300 AD2d 868, 868 [2002], supra; 262 AD2d 805, 807-808 [1999], supra).

As relevant to this appeal, on August 2, 2000, the parties entered into an open court stipulation of settlement which was subsequently found by this Court to be binding on the parties

(*see* 300 AD2d 868, 869-870 [2002], *supra*). Decedent's guardian submitted his final accounting on May 15, 2001. The approval of that accounting by Surrogate's Court was affirmed by this Court (303 AD2d 873 [2003], *supra*). Thereafter, in July 2003, petitioner moved for an order, pursuant to Mental Hygiene Law article 81 and CPLR article 83, directing respondent to pay petitioner's legal fees and disbursements in an amount to be determined by the court. Following a hearing[1] to determine whether the counsel fees were "necessary and reasonable," Surrogate's Court issued a decision entered March 2, 2004 awarding petitioner $1,025,292.60 in legal fees and $1,664.94 in disbursements to be paid by respondent individually.

Initially, we are unpersuaded by respondent's contention that petitioner's application for payment of legal fees was untimely. While there is no question that the stipulation of settlement was entered in August 2000 and petitioner did not move for an award of counsel fees until July 2003, as noted by Surrogate's Court, respondent's own actions contributed to the various delays. Additionally, there have been intervening appeals to this Court (*see* 303 AD2d 873 [2003], *supra*; 300 AD2d 868 [2002], *supra*). Accordingly, given the particular circumstances herein, we do not find the application to be untimely.

Next, respondent maintains that petitioner forfeited any claim against him for counsel fees as a result of the waiver of claims and release clauses contained in the stipulation of settlement.[2] However, along with the clauses referenced by respondent, the settlement contains the following provision with respect to counsel fees: "Attorney's fees. [Petitioner] will submit a separate petition for attorney's fees to this Court for a determination of fees in the Article 81 Proceeding and the Surrogate['s] Court Proceedings." In our opinion, an objective or "common-sense" reading of the pertinent provisions of the stipulation indicates that Surrogate's Court, upon application, was to determine the award of counsel fees and its specifics (*Serna v*

---

1. We note that although respondent also filed a notice of appeal from a September 2003 order scheduling the hearing before Surrogate's Court, inasmuch as respondent fails to specifically address the propriety of said order, we deem said appeal to be abandoned (*see Grieco v Grieco*, 307 AD2d 488, 488 n [2003]).

2. Specifically, respondent references a clause reading: "All appeals pending between the parties in any Court will be discontinued with prejudice. All other claims either party may have against the other including the application for sanctions against [respondent's counsel] are hereby released." Another clause reads: "The parties waive any other claims that they may have to each other by virtue of this settlement. It is intended that this stipulation will be the final stipulation of settlement for the matters mentioned herein."

*Pergament Distribs.*, 182 AD2d 985, 987 [1992], *lv dismissed* 80 NY2d 893 [1992]; *see Iacobacci v McAleavey*, 222 AD2d 406, 406-407 [1995]).

Turning to respondent's contention that Surrogate's Court lacked the legal authority to award counsel fees against him (*see Matter of Urbach*, 252 AD2d 318, 321 [1999]),[3] we note that, when appropriate, counsel fees may be awarded in situations where the misconduct of a fiduciary brings about the expense (*see Matter of Campbell*, 138 AD2d 827, 829 [1988]; *see also Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 191 [1990]; *Parker v Rogerson*, 49 AD2d 689, 690 [1975]; *see generally Matter of Graham*, 238 AD2d 682 [1997]). Here, Surrogate's Court found that the numerous "proceedings were exacerbated by the delaying and obstructionist tactics and, on occasion, misbehavior of respondent requiring extra time and work to be spent." Furthermore, the court based its award on its prior decisions which had determined, inter alia, that respondent had violated his fiduciary duty to decedent and removed respondent from his position as coadministrator of an irrevocable trust created by decedent due to respondent's "laxity and inattention to his fiduciary obligations."[4]

We are mindful of the extensive and thorough knowledge of the history of the various proceedings herein by Surrogate's Court and have no reason to dispute its conclusion that certain of the counsel fees were caused or exacerbated by the improper conduct of respondent. Nevertheless, upon review of this record, we cannot fairly determine how much of the fees were necessary as a result of that conduct. Therefore, we are unable to determine whether the fee award was, as argued by respondent, an abuse of the court's discretion. Accordingly, under the circumstances, it is necessary to remit the matter for a more detailed disposition including, if necessary, further proceedings as determined by Surrogate's Court.

Due to the above disposition, it is unnecessary to address the remaining issues raised by the parties that are not specifically addressed herein.

---

3. We are unpersuaded by respondent's claim that the counsel fee award was actually a sanction pursuant to 22 NYCRR 130-1.1 which was improper because, inter alia, it was imposed without a hearing on the issue of his alleged frivolous conduct. It is clear from the record that, although Surrogate's Court did mention 22 NYCRR 130-1.1 when describing various aspects of respondent's conduct, the counsel fee award was not a sanction pursuant to that provision.

4. While respondent maintains that petitioner's hiring of counsel from outside the Ulster County area unnecessarily inflated the fees, we find no abuse of discretion by Surrogate's Court's determination that petitioner's choice of counsel was acceptable.

Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal from the order entered September 30, 2003 is affirmed, without costs. Ordered that the order entered March 2, 2004 and judgment are reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Ulster County for further proceedings not inconsistent with this Court's decision.