■ In the Matter of the Estate of ROSE BB., Deceased. RICH-ARD BB., Respondent; LOUIS BB., Appellant. (And Another Related Proceeding.) [826 NYS2d 791]—

Cardona, P.J. Appeal from a revised judgment of the Surrogate's Court of Ulster County (Lalor, S.), entered July 28, 2005, which, inter alia, awarded counsel fees to petitioner.

This case represents the seventh time this litigation has come before this Court and the details of this unduly lengthy and contentious matter are set forth in this Court's previous decisions (16 AD3d 801 [2005]; 303 AD2d 873 [2003]; 300 AD2d 868 [2002]; 262 AD2d 805 [1999], *appeal and lv dismissed* 93 NY2d 1039 [1999]; 246 AD2d 820 [1998]; 243 AD2d 999 [1997]). Briefly, this matter involves a consolidated Mental Hygiene Law article 81 proceeding commenced by petitioner seeking the appointment of a guardian of the person and property of the parties' mother, and a subsequent probate proceeding commenced by respondent following the mother's death. The parties ultimately entered into an open-court stipulation of settlement, which this Court found to be binding on the parties (16 AD3d 801, 802-803 [2005], *supra*; 300 AD2d 868, 868 [2002], *supra*).

Pursuant to that stipulation, petitioner moved for an order, pursuant to Mental Hygiene Law article 81 and CPLR article 83, directing respondent to pay petitioner's counsel fees and disbursements in an amount to be determined by Surrogate's Court. Following a hearing on November 13, 2003, the court found that respondent had engaged in numerous instances of

misconduct that prolonged the proceedings and, therefore, awarded petitioner the total of all counsel fees in connection with the combined proceedings. Inasmuch as it was unclear from the court's determination whether all of the fees awarded were necessary as a result of respondent's misconduct, this Court, among other things, remitted the matter "for a more detailed disposition" (16 AD3d 801, 803 [2005], *supra*). Upon remittal, Surrogate's Court concluded that a further hearing was unnecessary, provided in great detail the basis for the award of counsel fees attributable to respondent's improper conduct and reduced the original award by amounts the court found to be related to the ordinary administration of decedent's estate. A reduced judgment in the amount of $989,898 plus interest was entered and this appeal by respondent ensued.

Initially, we are unpersuaded by respondent's contention that he was denied due process by the decision of Surrogate's Court not to conduct a further hearing upon remittal. This Court's decision did not indicate that a hearing was mandated (*id.*). Moreover, the record demonstrates that respondent was aware at the time of the original hearing that his conduct throughout the proceedings and as a fiduciary formed the basis for the request of counsel fees. Although respondent did not raise that issue at the hearing, he, in fact, took the opportunity to fully defend his conduct in his memoranda in opposition to the motion for counsel fees and was provided an opportunity to submit a posthearing memorandum.

Turning to the award of counsel fees, Surrogate's Court may award counsel fees in situations where the misconduct of a fiduciary brings about the expense (*see id.*; *Matter of Campbell*, 138 AD2d 827, 829 [1988]; *see also Parker v Rogerson*, 49 AD2d 689, 690 [1975]). Here, respondent's numerous instances of obstructing and prolonging an otherwise uncomplicated proceeding and his violation of his fiduciary duties have already been established (16 AD3d 801 [2005], *supra*). Furthermore, a review of the record supports the court's well-reasoned decision that, with the exception of the ordinary administration of decedent's estate, the proceedings herein were necessitated by and attributable to the improper conduct of respondent.

Finally, we are unpersuaded by respondent's challenge to the amount of counsel fees awarded. Such a decision is a matter within the sound discretion of the trial court and "will not be interfered with unless it is so manifestly wrong as to indicate [an] abuse of power" (*Barnum v Cohen*, 228 AD2d 957, 960 [1996] [internal quotation marks and citation omitted]; *see Matter of Drossos*, 26 AD3d 602, 602-603 [2006], *lv denied* 7 NY3d

702 [2006], *appeal dismissed* 7 NY3d 807 [2006]; *Matter of Campagna*, 267 AD2d 512, 514 [1999]; *Ricciuti v Lombardi*, 256 AD2d 892, 893 [1998]). Additionally, the court "bears the ultimate responsibility to decide what constitutes reasonable legal compensation" (*Matter of Verplanck*, 151 AD2d 767, 767 [1989]) and the court "is not bound by the existence of a retainer agreement or other agreement between the parties as to the fees in question" (*Matter of Middagh*, 267 AD2d 593, 593 [1999]; *see Matter of Verplanck, supra*; *see also Ross v Congregation B'Nai Abraham Mordechai*, 12 Misc 3d 559, 565-568 [2006]). In determining what constitutes reasonable compensation for counsel fees, the court should consider "the time commitment involved, the relative difficulty of the matter, the nature of the services provided, counsel's experience and the results obtained" (*Matter of Middagh, supra* at 593-594; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Drossos, supra* at 603).

Based upon our review of this record and taking into account Surrogate's Court's consideration of the relevant factors and its extensive knowledge of the prolonged history of the numerous proceedings, we cannot say that the court abused its discretion in the award of counsel fees.

We have reviewed respondent's remaining contentions and find them to be unpersuasive.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the revised judgment is affirmed, with costs.