■ In the Matter of JULIETTE FAIRLEY, Appellant, v MAURICETTE FAIRLEY, Respondent. [26 NYS3d 1]—

Judgment, Supreme Court, New York County (Laura Visitation-Lewis, J.), entered July 1, 2015, in favor of Susan S. Brown, Esq., Glassman & Brown, LLP, against petitioner in the sum of $11,220, with interest from April 7, 2015, in the amount of $235.16, and the sum of $2,932.50, with interest from April 7, 2015, in the amount of $61.46, for a total of $14,449.12, for services in her capacity as temporary co-guardian of a person alleged to be incapacitated (AIP), and order, same court and Justice, entered April 8, 2015, directing petitioner to pay the sum of $2,997.50 to Summerfield Baldwin, Esq., for his services as court-appointed counsel to the AIP, and the sum of $14.50 for expenses, unanimously reversed, on the law, without costs, the judgment vacated and the matters remanded for a hearing on the reasonableness of the fees and expenses sought by Brown and Baldwin. Appeal from order, same court and Justice, entered on or about April 7, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court had the power to appoint counsel, a court evalua-

tor and a special temporary guardian for the AIP (*see* Mental Hygiene Law §§ 81.09 [b] [1]; 81.10 [c] [7]; 81.23 [a] [1]). The court also had the power to shift the fees and costs for these professionals to petitioner in that the petition was dismissed and the court found that petitioner's conduct in removing the AIP from his home state was unjustifiable. However, petitioner failed to appeal this finding and may not now challenge it in connection with this appeal of the orders awarding the professionals their fees and expenses.

The record is silent as to whether the court considered the appropriate factors in determining the reasonableness of the amounts awarded. In determining reasonable compensation, the court should consider, among other factors, " 'the time commitment involved, the relative difficulty of the matter, the nature of the services provided, counsel's experience and the results obtained' " (*see Matter of Rose BB.*, 35 AD3d 1044, 1046 [3d Dept 2006], *appeal dismissed* 8 NY3d 936 [2007]).

Moreover, petitioner was entitled to a hearing to present evidence on the reasonableness of the fees sought (*see Matter of Samuel S. [Helene S.]*, 96 AD3d 954, 958 [2d Dept 2012], *lv dismissed* 19 NY3d 1065 [2012]; *Matter of Loftman [Mae R.]*, 123 AD3d 1034, 1036 [2d Dept 2014]). Petitioner argues that Brown and Baldwin's fees and expenses should be paid from the AIP's estate because the petition was not frivolous and she was not motivated by avarice. Because petitioner failed to appeal the court's December 5, 2014 order, which dismissed the petition and determined that she was required to pay Brown and the Baldwin's fees, she may not challenge this finding in this appeal. The court's April 7, 2015 order merely corrected its March 10, 2015 with respect to the fee shifting to make it consistent with the December 5, 2014 order.

In any event, the court did not improvidently exercise its discretion in holding petitioner liable for fees, costs, and expenses of the proceeding, because her conduct was unjustifiable. Accordingly, this issue cannot be litigated at the fee hearing.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.