■ In the Matter of the Estate of MARIANNE C. BRAASCH, Deceased. MELISSA SMITH-HUMM et al., Respondents; HANS HEINRICH BRAASCH, Individually and as Executor of MARIANNE C. BRAASCH, Deceased, and as Trustee of the MARIANNE C. BRAASCH LIVING TRUST U/A 4/11/2005, AMENDED 10/14/08, Appellant. [33 NYS3d 541]—

Lynch, J. Appeal from a judgment of the Surrogate's Court of Otsego County (Lambert, S.), entered September 23, 2014, which, among other things, granted petitioners' application, in a proceeding pursuant to SCPA 711, to, among other things, impose surcharges upon respondent.

Marianne C. Braasch (hereinafter decedent) died testate in January 2009 survived by respondent, her brother, and petitioners—her sister, Hannelore Smith, and Smith's three children. Decedent had created an inter vivos trust funded with certain real and personal property, including several qualified retirement plans. Petitioners were the beneficiaries of the retirement plans in the trust. At the time of decedent's death, decedent, respondent and Smith each owned a one-third share of rental property located in Germany (hereinafter the German property). Decedent's will provided, among other things, that the German property should be distributed to petitioners in equal shares and that the residue of her estate should go to the trust.

In March 2010, respondent was granted letters testamentary, appointing him executor of decedent's estate/trust. In May 2011, respondent rendered an accounting to Surrogate's Court as both executor and trustee, and petitioners filed objections, claiming that the accounting was deficient and needed to be examined closely due to respondent's self-interest and alleged breaches of his fiduciary duties. In December 2012, petitioners commenced this proceeding pursuant to SCPA 711 seeking to remove respondent as trustee and executor and to impose a surcharge upon him for, among other things, the estate's share of the income from the German property, the income taxes

incurred by petitioners due to certain distributions from the trust and certain counsel fees. Following a nonjury trial, during which respondent consented to his removal as both trustee and executor and admitted the accounting was incomplete, Surrogate's Court rejected respondent's accounting and imposed surcharges on him. Respondent now appeals, challenging only the surcharges.

The relevant facts in this proceeding are not disputed. Respondent concedes that he accepted rental payments from the German property in the amount of $17,329.22 and did not distribute a one-third share of these payments to petitioners as required under the will. The trust agreement also included terms governing the disposition of trust property, including provisions that permitted petitioners to request distributions from their respective shares of the trust. As to the qualified retirement plans and insurance policies owned by the trust, the express paramount intent of the trust agreement was to allow for "stretch" distributions consisting of only the minimum required annual distribution (*see* Internal Revenue Code [26 USC] § 401; 26 CFR 1.401 [a] [9]-1). Notwithstanding, respondent concedes that, although only one petitioner requested a $41,000 distribution to allow her to make a down payment on a home, he chose to distribute nearly all of the trust corpus, including the liquidated qualified retirement accounts, to each of the three petitioners. Consequently, each petitioner was required to pay income taxes on the distributions.

Here, there is no real dispute that respondent failed to meet the prudent person standard, that is, that he failed to exercise "such diligence and such prudence in the care and management of the fund as in general, prudent men [or women] of discretion and intelligence in such matters, employ in their own like affairs" (*Matter of Donner*, 82 NY2d 574, 585 [1993] [internal quotation marks, brackets and citations omitted]; *see Matter of Janes*, 223 AD2d 20, 26-27 [1996], *affd* 90 NY2d 41 [1997]). Given this, and based on our review of the record evidence, Surrogate's Court clearly did not abuse its discretion in awarding damages in the amount of $5,718.64 to compensate petitioners for the loss of rental income that should have been paid to the estate (*see Matter of Rowe*, 274 AD2d 87, 92 [2000], *lv denied* 96 NY2d 707 [2001]; *Matter of Everhart*, 226 AD2d 892, 893 [1996]). Further, given respondent's frank admissions with regard to his mishandling of the estate, including the deposit of estate funds into the trust, his failure to account for and deposit the rental income and certain settlement funds that should have been paid to the estate, we discern no abuse

of discretion in Surrogate's Court's determination to surcharge respondent $8,302.27 in counsel fees (see *Matter of Greatsinger*, 67 NY2d 177, 181 [1986]; *Matter of Rose BB.*, 16 AD3d 801, 803 [2005]; *Matter of Campbell*, 138 AD2d 827, 829 [1988]).

Turning to Surrogate's Court's order that respondent reimburse petitioners for the state and federal taxes paid, the sole evidence before the court to support the damage award was each petitioners tax return showing that the inclusion of income from the trust in excess of $114,000 resulted in certain tax consequences. A surcharge is warranted where a demonstrated financial loss is suffered as a result of the fiduciary's imprudent conduct (see *Matter of Donner*, 82 NY2d at 585; *Matter of HSBC Bank USA, N.A. [Knox]*, 98 AD3d 300, 310-311 [2012], *lv dismissed* 20 NY3d 1056 [2013]; *Matter of Bankers Trust Co. [Siegmund]*, 219 AD2d 266, 272 [1995], *lv dismissed* 87 NY2d 1055 [1996]). Rather than contest his wrongdoing, respondent contends that petitioners did not prove the extent of the damages awarded.

Even accepting petitioners' argument that respondent breached his fiduciary duty by unilaterally distributing the trust funds on a lump-sum basis—a contention that should exclude the specific distribution of $41,000 requested by one petitioner—we agree with respondent that petitioners failed to adequately prove the measure of damages. There is simply no proof as to petitioners' projected tax liabilities had respondent managed the trust through "stretch distributions." Given the progressive nature of the federal and state income tax programs, it would be reasonable to anticipate that stretch distributions would have resulted in a lower tax liability, but petitioners failed to prove as much. Petitioners' thesis that they would not have paid any taxes but for the lump-sum distribution assumes, without proof, that periodic trust disbursements would have been tax free. Since there is no evidence as to how a different distribution would have affected petitioners' tax liabilities, Surrogate's Court erred in surcharging respondent for the income taxes paid on the distributions (see *Matter of Kalik*, 117 AD3d 590, 592 [2014], *lv dismissed* 24 NY3d 1199 [2015]; see also *Matter of Rothko*, 43 NY2d 305, 322-323 [1977]; compare *Matter of Janes*, 90 NY2d 41, 55-56 [1997]).

McCarthy, J.P., Egan Jr., Rose and Aarons, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as imposed a surcharge upon respondent for petitioners' income taxes, and, as so modified, affirmed.