Matter of Vincent V. (Isler) (2020 NY Slip Op 05513)





Matter of Vincent V. (Isler)


2020 NY Slip Op 05513


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-03918 
2019-10147
 (Index No. 31688/15)

[*1]In the Matter of Vincent. (Anonymous). Robert Baranello, etc., petitioner-respondent; Nassau County Department of Social Services, interested party-respondent; Debra V. Isler, etc., appellant.


Law Offices of Isler & Isler, Syosset, NY (Debra V. Isler pro se of counsel), for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Debra V. Isler, the temporary property management guardian of Vincent V., moved to settle her final account, Debra V. Isler appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated February 7, 2019, and (2) an order of the same court dated June 11, 2019. The order dated February 7, 2019, insofar as appealed from, upon judicially settling the final account of Debra V. Isler, awarded her compensation in the total sum of only $6,930. The order dated June 11, 2019, insofar as appealed from, in effect, upon reargument, adhered to so much of the prior determination in the order dated February 7, 2019, as awarded compensation in the total sum of only $6,930.
ORDERED that the appeal from the order dated February 7, 2019, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by so much of the order dated June 11, 2019, as was, in effect, made upon reargument; and it is further,
ORDERED that the order dated June 11, 2019, is affirmed insofar as appealed from, without costs or disbursements.
This guardianship proceeding was commenced pursuant to Mental Hygiene Law article 81. The appellant was appointed to serve as a temporary property management guardian for the allegedly incapacitated individual pursuant to Mental Hygiene Law § 81.23. The petition was later withdrawn after the allegedly incapacitated individual demonstrated the capacity to execute advanced directives.
In an order dated February 7, 2019, the Supreme Court, among other things, judicially settled the appellant's final account, and awarded her compensation for her services as a temporary property management guardian in the total sum of $6,930. The appellant subsequently moved for leave to reargue the portion of the determination that awarded her compensation in the total sum of only $6,930. The appellant contended that the compensation that was awarded for her services as temporary property management guardian was unreasonable in light of, among other factors, her [*2]status as an attorney and her experience in this area of the law. In an order dated June 11, 2019, the court, inter alia, in effect, upon reargument, adhered to so much of its prior determination as awarded the appellant compensation in the total sum of $6,930.
A court may appoint a temporary guardian at the commencement of a proceeding pursuant to Mental Hygiene Law article 81, or at any subsequent stage of the proceeding prior to the appointment of a guardian, upon a showing of "danger in the reasonably foreseeable future to the health and well being of the alleged incapacitated person, or danger of waste, misappropriation, or loss of the property of the alleged incapacitated person" (Mental Hygiene Law § 81.23[a][1]; see Matter of Fairley v Fairley, 136 AD3d 432, 432-433; Matter of Nelly M., 46 AD3d 904, 904). "The powers and duties of the temporary guardian shall be specifically enumerated in the order of appointment and are limited in the same manner as are the powers of a guardian appointed pursuant to this article" (Mental Hygiene Law § 81.23[a][1]; see Matter of Lillian A., 56 AD3d 767, 768).
"Prior to the expiration of the term of appointment, the temporary guardian shall report to the court all actions taken pursuant to the order [of] appointment" (Mental Hygiene Law § 81.23[a][1] [footnote omitted]). At that time, "[t]he court may approve a reasonable compensation for the temporary guardian" (id.). "[H]owever, if the court finds that the temporary guardian has failed to discharge his or her duties satisfactorily in any respect, the court may deny or reduce the amount of compensation or remove the temporary guardian" (id.; see Matter of Lillian A., 56 AD3d at 768; cf. Mental Hygiene Law § 81.28[b]).
As the language of the statute demonstrates, "[i]t is within the discretion of the Supreme Court to determine what, if any, compensation is due to a fiduciary of an [allegedly] incapacitated person or an attorney representing such a fiduciary" (Matter of Joshua H. [Grace N.], 80 AD3d 698, 699; see Matter of Frank C. [Hyman], 102 AD3d 683, 684). "In determining reasonable compensation, the court should consider, among other factors, the time commitment involved, the relative difficulty of the matter, the nature of the services provided, [the temporary guardian's] experience and the results obtained" (Matter of Fairley v Fairley, 136 AD3d 432, 433 [internal quotation marks omitted]; accord Mental Hygiene Law § 81.28[a]; Matter of Goldstein v Zabel, 146 AD3d 624, 629-630). In general, "the compensation awarded should be commensurate with the services actually rendered" (Supreme Court of the State of New York Appellate Division: Second Judicial Dept, Best Practices, Guardianship Proceedings, April 15, 2005 at 5, https://www.nycourts.gov/courts/ad2/pdf/BestPracticesHandbook_1.pdf [last accessed September 17, 2020]; see Matter of Goldstein v Zabel, 146 AD3d at 629-630). A court should fix a temporary guardian's compensation "so that it provides the person appointed with reasonable compensation, but not a windfall at the [allegedly] incapacitated person's expense" (Matter of Goldstein v Zabel, 146 AD3d at 630; see Matter of Frank C. [Hyman], 102 AD3d at 685).
Here, contrary to the appellant's contention, the Supreme Court providently exercised its discretion in awarding her compensation in the total sum of $6,930. Although the appellant contended that she should have received a greater compensation award due to her status and experience as an attorney, she was not appointed to serve as an attorney or otherwise authorized to function in that capacity (see generally Matter of Helen S., 169 AD3d 1048, 1050; Matter of Reitano v Department of Social Servs., 90 AD3d 934, 934). To the contrary, the court specifically appointed another individual to serve "as counsel" to the appellant in connection with her role as the temporary property management guardian (cf. Matter of Christopher A., 180 AD3d 1036). Contrary to the appellant's further contention, the court providently exercised its discretion in refusing to compensate her for services that it concluded were the responsibility of other individuals participating in the proceeding, outside the scope of her appointment, or otherwise discharged in an unsatisfactory manner (see Mental Hygiene Law § 81.23[a][1]; cf. Matter of Joshua H. [Grace N.], 80 AD3d at 699; Matter of Lillian A., 56 AD3d at 768; see generally Matter of Goldstein v Zabel, 146 AD3d at 630-631). The record supports the court's determination that an award in the total sum of only $6,930 constituted "reasonable compensation" in this case (Mental Hygiene Law § 81.23[a][1]) and, under the circumstances, we decline to disturb it. Accordingly, we affirm the order dated June 11, 2019, insofar as appealed from.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court