■ In the Matter of the Estate of IRIS H. BENWARE, Deceased. BARBARA BURT, as Coexecutor of the Estate of IRIS H. BENWARE, Deceased, Respondent; BETTYANN BENWARE O'BRIEN, Individually and as Coexecutor of the Estate of IRIS H. BENWARE, Deceased, Appellant. RICHARD D. WICKERHAM, Respondent. [927 NYS2d 173]—

Kavanagh, J.

Petitioner and respondent are sisters and coexecutors of the estate of their deceased mother who, in her will, left each an equal share of her residuary estate. In November 2007, Richard D. Wickerham was retained to serve as counsel for the estate, and he executed a retainer agreement wherein he would receive 5% of the estate's total tax value as his fee. The retainer agreement also provided that additional costs could be incurred for legal services rendered to the estate above the 5% cap if justified by "extenuating circumstances," and would be paid at a rate of $250 per hour.

Two years later, petitioner commenced proceedings seeking an accounting of the estate (see SCPA 2208) and a determination of Wickerham's compensation for legal services rendered to it (see SCPA 2110).[1] Wickerham submitted an affidavit that sought "reasonable compensation" for the services he rendered to the estate and attached a statement detailing the time he spent and the expenses he incurred. The statement indicated that 200.64 hours of attorney time were devoted to legal matters involving the estate which, at $300 per hour, totaled $60,192 plus expenses (see 22 NYCRR 207.45 [a]). Because the retainer agreement established the $250 hourly rate for such services, Wickerham reduced the amount that would be charged to the estate, if an hourly rate was employed, to $50,160 plus expenses.[2]

Respondent objected to Wickerham receiving any fee for legal services rendered on behalf of the estate that exceeded the 5% figure agreed to by the parties in the retainer agreement. Surrogate's Court issued a decision and a decree, which found that

1. Surrogate's Court denied petitioner's application for an order authorizing the estate to pay for her personal counsel fees.

2. In his affidavit of services, Wickerham stated that he was not making "a request for payment based either upon time or an hourly rate."

Wickerham was entitled to $58,000 plus expenses, and directed that 20% of this fee be charged to respondent's share of the residuary estate. Respondent now appeals.

Initially, we do not agree with respondent that Surrogate's Court abused its discretion by directing that 20% of Wickerham's fee be paid from her share of the residuary estate. SCPA 2110 (2) provides that Surrogate's Court "may direct payment [of compensation] from the estate generally or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee or person interested." Here, the court concluded that respondent, by her actions, caused the estate to incur unnecessary legal expenses and that those fees—or a portion thereof—were properly chargeable to her share of the estate (see *Matter of Hyde*, 15 NY3d 179, 186 [2010]).

However, while respondent is undoubtedly responsible for some of the acrimony that has characterized the administration of this estate, we do agree with her that the counsel fee awarded by Surrogate's Court, on this record, cannot stand. First, the amount awarded by the court—$58,000—was substantially more than what Wickerham had requested as his fee, and exceeds that which was agreed to by the parties in their retainer agreement. Further, the record does not support the determination of Surrogate's Court that extenuating circumstances were encountered in providing legal services to this estate, which warrant a legal fee in excess of the 5% ceiling set forth in the retainer agreement. In that regard, the agreement provided that if extenuating circumstances required that legal services be performed for the estate above and beyond what was contemplated by the parties in the retainer agreement, the executors were to be consulted and "pre-approval [would] be first sought and secured" before such services were rendered and additional legal expenses incurred. These services included, but were not limited to, "complex taxation matters, real estate matters and estate litigation." In his application seeking compensation above the 5% cap set forth in the retainer agreement, Wickerham did not identify which legal services justified this additional fee, and did not claim that he consulted with the executors or sought their approval prior to providing these additional legal services to the estate.[3] Therefore, the matter must be remitted to Surrogate's Court to determine if such services were in fact

3. While Wickerham offered no evidence before Surrogate's Court establishing that he had consulted with the executors or obtained their approval prior to these services being rendered on behalf of the estate, he does claim, on this appeal, that he did notify the executors of all actions he was taking on behalf of the estate. However, he does not state that the executors

rendered, whether the fees charged for them were reasonable and, if so, whether the executors gave prior approval for such services as provided by the retainer agreement.[4] Finally, in this review, Surrogate's Court must also analyze the total amount charged by Wickerham and determine if this final figure constitutes reasonable compensation for all legal services he has provided to the estate (*see* SCPA 2110; *Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Rose BB.*, 35 AD3d 1044, 1046 [2006], *appeal dismissed* 8 NY3d 936 [2007]).

Mercure, J.P., Peters and Malone Jr., JJ., concur. Ordered that the decree is modified, on the law, without costs, by reversing so much thereof as approved counsel fees in the amount of $58,000 to Richard D. Wickerham; matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

were informed that these services would result in legal fees in excess of the 5% ceiling set forth in the retainer agreement.

4. While Surrogate's Court found that "the entire history of this file is nothing but extenuating circumstances," it went on to conclude that even if there had been none, it was "not bound by the retainer." While Surrogate's Court has "broad discretion to determine whether compensation for those services is reasonable" (*Matter of Cohen*, 52 AD3d 1080, 1081 [2008]; *see Matter of Rockefeller*, 44 AD3d 1170, 1172 [2007]), it cannot award legal fees in excess of what has been agreed to by the parties in a retainer agreement.