Matter of Hudis (2020 NY Slip Op 05751)





Matter of Hudis


2020 NY Slip Op 05751


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-09221

[*1]In the Matter of Evelyn Hudis, etc., deceased. June E. Poyourow, appellant; Nancy Fischman, et al., respondents. (File No. 373813/13B, 13D, 13E, 13F)


Rottenberg Lipman Rich, P.C., New York, NY (Thomas E. Chase of counsel), for appellant.
McLaughlin & Stern, LLP, Great Neck, NY (Louis A. Cannizzaro of counsel), for respondent Nancy Fischman.



DECISION & ORDER
In a proceeding for the judicial settlement of the account of the co-executors of the decedent's estate, June E. Poyourow appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated June 5, 2018. The decree, insofar as appealed from, upon orders of the same court dated August 15, 2017, and February 1, 2018, fixed the legal fees of the co-executors' attorneys and apportioned those fees between the estate's beneficiaries.
ORDERED that the decree is affirmed, with costs.
The decedent, Evelyn Hudis, died on December 18, 2012, leaving a will that bequeathed her entire estate in equal shares to her two daughters and one son. The decedent's daughters, June E. Poyourow and Nancy Fischman, were named co-executors of the estate. After Fischman petitioned to remove Poyourow as co-executor, the Surrogate's Court dismissed the petition and removed both Fischman and Poyourow as co-executors due to their inability to cooperate and administer the estate. After an unrelated proceeding to compel a preliminary distribution, the parties entered into a settlement agreement resolving, inter alia, the distribution proceeding, and agreed that the attorneys for the former co-executors would make applications for their respective fees.
Once the former co-executors completed their separate accountings and the attorneys submitted their fee applications, the Surrogate's Court issued an order that, among other things, affixed the fees of Meltzer, Lippe, Goldstein & Breitstone, LLP, Schiff Hardin, LLP, and Phillip M. Bernstein (hereinafter collectively Poyourow's former attorneys), who each represented Poyourow at different times during the administration of the estate. The order also determined that 75% of the fees incurred by Poyourow's former attorneys should be paid from Poyourow's share of the estate, while 25% should be paid from Fischman's share. Poyourow thereafter moved for leave to renew and reargue. The court denied renewal and granted reargument only insofar as to clarify the basis for the court's order. The court then issued a decree upon the orders.
"Pursuant to SCPA 2110, the Surrogate's Court has the authority to fix and determine [*2]the compensation of an attorney for services rendered, inter alia, to a fiduciary of an estate" (Matter of Askin, 113 AD3d 72, 77; see Matter of Williams, 168 AD3d 753, 753). SCPA 2110 also gives the Surrogate's Court the discretion to apportion those legal fees between the beneficiaries of the estate (see Matter of Hyde, 15 NY3d 179, 186; Matter of Cook, 177 AD3d 1214, 1217; Matter of Benware, 86 AD3d 687, 688).
The Surrogate's Court did not improvidently exercise its discretion when it directed that 75% of the fees of Poyourow's former attorneys should be paid from Poyourow's share of the estate. The record demonstrates that Poyourow's interference with the administration of the estate created more litigation and more work for her attorneys, thus leading to excessive attorneys' fees. Furthermore, the record also demonstrated that a significant portion of the Poyourow's former attorneys' fees were a result of her extensive communications with her counsel, duplicative reviewing of the documents related to the administration of the estate necessitated by Poyourow's multiple substitutions of counsel, and other fruitless services that only benefited Poyourow individually and did not benefit the estate (see Matter of Hyde, 15 NY3d at186; Matter of Cook, 177 AD3d at 1217; Matter of Benware, 86 AD3d at 688). Thus, the court's determination to apportion to Poyourow's share of the estate a greater responsibility for Poyourow's former attorneys' fees was warranted.
Poyourow's remaining contentions are without merit.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court