Matter of Clifford (2025 NY Slip Op 50293(U))

[*1]

Matter of Clifford

2025 NY Slip Op 50293(U)

Decided on March 7, 2025

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through March 11, 2025; it will not be published in the printed Offical Reports.

Decided on March 7, 2025
Surrogate's Court, Monroe County

In the Matter of the Estate Of Gerald R. Clifford, Deceased.
In the Matter of the By-Pass Trust created by The Last Will and Testament of Gerald R. Clifford.

Index No. 2018-1242/L

Peter J. Glennon, Esq., of counsel to The Glennon Law Firm, P.C., Attorneys for William Clifford, the Petitioner herein and Trustee of the Gerald R. Clifford Trust. 
Martin W. O'Toole and Jerauld E. Brydges, Harter Secrest & Emery LLP, attorneys for the Objectant Daniel Clifford. 

Christopher S. Ciaccio, S.

William N. Clifford ("William") is the Trustee of a "By-Pass" Trust ("Trust") created by the Last Will and Testament of his father, Gerald R. Clifford. He also served as the successor co-executor of the Estate of Gerald R. Clifford.
In a stand-alone Notice of Motion (NYSCEF # 378) (filed 6/6/2023) William requests that the court order his brother Daniel Clifford, a beneficiary of the Trust, to pay fees he incurred in defending against a series of proceedings commenced by Daniel against him as successor co executor and as Trustee, going back to year the decedent died, pursuant to SCPA 2110.
He also seeks a finding that Dan's filings were frivolous pursuant to 22 NYCRR 130-1.1.
William argues that " . . . litigation initiated by Daniel Clifford in this matter has been baseless, unnecessary, and hindered the administration of the Estate such that the Estate has incurred significant legal fees in defending itself against such litigation."
The "litigation (proceedings) initiated" by Dan are listed below.
To compel the account of the executors and to remove the Executor (9/26/2019) (NYSCEF # 41) (subfile "F")
As recounted elsewhere (in a decision of this court dated February 25, 2025, dismissing Objections filed against the Trust) Gerald R. Clifford (the "decedent") died a resident of Monroe County, New York on May 24, 2018. He was survived by his wife, Jane N. Clifford ("Jane"), and his three sons: William (the successor trustee); Peter M. Clifford; and Daniel (the Objectant).
Jane Clifford received letters testamentary on June 1, 2018, but shortly after, asked to resign and William petitioned as successor named in the Will and received letters on June 25, 2018. William then asked, as authorized by the Will, the court to appoint a co-successor executor, attorney James E Morris. Letters were issued on February 19, 2019.
The Will created a "By-Pass" Trust, and pursuant to the Will, John A. Post II and Jane Clifford were named as trustees.
Dan alleged that William wouldn't negotiate with him "in Good Faith Regarding the Sale of Interests in 2900 Monroe Avenue LLC and Clifford's of Pittsford, L.P." He also complained that Thirsty's was being mismanaged.
The proceeding was resolved by stipulation and decree on consent on October 16, 2019, withdrawing the request to remove William and the co-executor agreeing not to sell the property at 8 State Street in Pittsford, NY and the estate's interest in Thirsty's Young Gentlemen until the estate property are transferred to the By-Pass Trust.
- Discovery pursuant to SCPA 2211
Not a proceeding, but a follow up on the motion to compel and account, as SCPA 2211 allows for pre-objection discovery, including an inquiry of the fiduciary and the full scope of CPLR Article 31 discovery (SCPA 2211[2]).
On December 16, 2019, counsel for Dan filed served the Estate with a "Request for Production of Document and Things."
Despite several exchanges between counsel aimed at narrowing the scope of the disclosure, and conferencing the matter with the then-Surrogate, which yielded no common ground, William moved for a protective order.
Counsel for William, in his Affirmation in support of the request for a protective order, described the "overbreadth and voluminous nature of Objectant's (discovery) Requests, especially given the posture of this proceeding at the time, a final accounting to close the Estate," and that the Requests were not "narrowly tailored nor reasonably calculated to yield relevant information, but instead, were so overly broad and numerous in nature that the Requests appeared to be served for no other purpose than to harass the Executors and delay distribution of the assets and the Estate closing, or to engage in a fishing expedition that might possibly give rise to an objection."
An example was a request for operating agreements, meeting minutes, financial statements, and tax returns from 2016 to the present relating to the Estate's interest in 3500 East Avenue, three years before the decedent passed away.
In one exchange Dan texted William that "I'm giving you 30 minutes to make me a Company Admin for full and unrestricted access to the Quickbooks/Payroll...."
William eventually filed the motion for a protective order. The motion was granted on the ground that Dan, as beneficiary of the By-Pass Trust but not of the Estate, lacked standing to contest the actions of the executors. The Requests for Discovery were vacated. The Appellate Division, Fourth Department, upheld the Surrogate and dismissed the appeal. 
- Order To Show Cause (and proposed Temporary Restraining Order) dated February 7, 2020 (NYSCEF # 70) for an Order, among other things, "compelling the Executors immediately to execute all documents necessary to transfer all of the assets of the Estate, other than cash, to the By-Pass Trust ("Trust") created under the Will of Gerald R. Clifford dated August 21, 2000 ("Will")" (NYSCEF # 70, 2/11/2020). It also called for William to be removed as successor trustee, to compel an account, and to enjoin William from managing any assets of the estate.
While the discovery dispute was playing out, Dan alleged that William was refusing (again apparently) "to negotiate in good faith with objectant regarding the sale of certain Estate property, his dishonesty with respect to other Estate assets, and his waste and neglect in managing Estate assets." He was particularly miffed over William's delay in transferring estate assets to the Trust, stating that he . . . "has simply gone back on his word," and engaged in a "bait and switch," and "cannot be trusted," meaning that he had affirmed the transfer would take place on December 31, 2019, and by the end of January 2020 it had not.
William responded that no facts or even allegation supported a request for a TRO, and that Dan was engaging in "just another example of frivolous, pointless, and unnecessary litigation by Daniel Clifford in this matter."
Counsel for William wrote the court by letter dated February 13, 2020 (NYSCEF # 71), explaining that the delay in the transfer of assets was due to the "Objectant's frivolous, scorched-Earth attempt at seeking discovery from and about the Estate, including on numerous third-parties," something he said he explained to Dan's attorney in a phone conversation on January [*2]30. He also asserted that there is no basis for "questioning the integrity and/or performance of the Estate co-executors, Judge James Morris and Mr. William Clifford," James Morris having been added as a co-successor executor for "fairness and to appease Dan."[FN1]

William's counsel also vociferated that the request for a "TRO" was utterly inappropriate, as there was no showing of prejudice to justify and ex parte application, and further, no allegation let alone supporting evidence as to "immediate and irreparable injury" if a TRO did not issue. Counsel for Dan responded by letter dated February 12, 2020, makes much of William's "contempt" for Dan, but says little about the propriety of the TRO application. 
The court declined to sign the TRO and Order To Show Cause.
- Objections to Application of William Clifford to be appointed as successor Co-trustee (NYSCEF # 183, 5/6/2021)
Dan filed Objections to William's appointment as successor co-trustee of the By-Pass Trust upon the request to resign of John Post. He wrote, "I believe that William N. Clifford has demonstrated his lack of fitness to serve as the Successor Co-Trustee or, if the application of John A. Post, II to resign is granted, to serve as sole Trustee. . . . The Amended Accounting that he submitted as co-Executor shows obvious errors . . . "
William was named successor trustee (NYSCEF # 228) on July 16, 2021. The Decree mandated that "any potential marketing and sale of Thirsty's be conducted with transparency and on a level playing field, i.e., 'to put all parties on a footing equal to that of the prospective buyers.'"
Negotiations regarding the sale of Thirsty's Young Gentlemen to Dan followed.
- Proceeding to remove William N. Clifford ("William") as Trustee under SCPA $711 (NYSCEF #278 11/9/21)
Dan alleged that William does not intend to sell the Thirsty's and State Street properties to him, despite the court's decree. He also alleges that Thirsty's has not been effectively marketed.
The court signed a decree, dated 12/15/2021 (NYSCEF # 286) approving the sale of Thirsty's to Dan. The petition opposing the appointment of William was withdrawn. There was considerable back and forth between counsel over the sale of Thirsty's, played out in correspondence, conferences with the court, and filed proceedings. 
Having a front row seat to the lawyers hurling accusations at each other, the court's take on all of this was that Dan wanted, in good faith, a fair and equal opportunity to purchase Thirsty's and possibly 8 State Street, and that William had put up speed bumps to Dan's path to make the purchase but had not prevented him from making an offer.
Analysis
SCPA 2110 (1) provides that the Surrogate is authorized to "fix and determine the compensation of an attorney for services rendered" and pursuant to SCPA 2110 (2), to "direct payment therefor from the estate or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee, person interested."
Pursuant to the Court of Appeals decision in In re Hyde, 15 NY3d 179, 182 [2010], the trial court, in allocating who pays the fees is to consider the following factors:
(1) whether the objecting beneficiary acted solely in his or her own interest or in the common interest of the estate;
(2) the possible benefits to individual beneficiaries from the outcome of the underlyingproceeding;
(3) the extent of an individual beneficiary's participation in the proceeding;
(4) the good or bad faith of the objecting beneficiary;
(5) whether there was justifiable doubt regarding the fiduciary's conduct;
(6) the portions of interest in the estate held by the non-objecting beneficiaries relative to the objecting beneficiaries; and
(7) the future interests that could be affected by reallocation of fees to individual beneficiaries instead of to the corpus of the estate generally (see e.g. Matter of Greatsinger, 67 NY2d 177, 183—184 [1986] [providing factors to guide courts in discretionary allocation of attorney's fees among multiple trusts in estate litigation]).

In re Hyde, 15 NY3d 179, 186-87 ([2010]; see also Matter of Thomas, 74 Misc 3d 891, 898 [Sur Ct Monroe Cnty 2022]). 
Here, the court concludes that Dan's interest in commencing the various proceedings, although ostensibly to benefit the "common interests of the estate," was to provide Dan an advantage or leverage with respect to the purchase of the estate properties. Secondarily, they were commenced to express his contempt for William's role as executor and trustee.
The court's conclusions are supported by the lack of anything approaching admissible evidence that William was breaching his fiduciary in either role. There was no self-dealing (see [*3]e.g. Birnbaum v Birnbaum, 157 AD2d 177, 555 NYS2d 982 [4th Dept 1990]); no idling of estate assets in accounts (e.g. Cooper v Jones, 78 AD2d 423 [4th Dept 1981]; Matter of Estate of Maloy, 75 Misc 3d 390, 393 [Sur Ct Monroe Cnty 2022]); no negligent retention of a concentration of stock (Matter of Estate of Janes, 90 NY2d 41 [1997]); no imprudent investments (Matter of Bankers Trust Co. , 219 AD2d 266 [1st Dept 1995]). 
Daniel presented at no time in any of the myriad filings credible allegations of mismanagement of estate properties and failure to proceed with alacrity to advance the interests of the estate and eventually the trust.
Dan's litigation filings, even if successful, would not have benefitted the other beneficiaries, since there was no proof laid bare regarding mismanagement of assets. The only thing laid bare was Dan's contempt for William. In that was a lack of good faith which cost the Estate a considerable amount in litigation expenses (see In re Estate of Benware, 86 AD3d 687, 688 [3d Dept 2011]).
The court finds there was no reason or credible evidence to doubt William's integrity. 
The allegation that William deceived the court when he was unable to meet the December 2019 date for transfer of asserts is specious, as the delay was inconsequential.
The most egregious example of needless litigation was that over the discovery requests. They were, as William argued, and the court agrees, overbroad, unnecessarily voluminous, and irrelevant. Despite his efforts to reach a good-faith compromise, William was forced to move for protective order. On appeal the court ruled that Dan had no standing as beneficiary, not at all a novel insight or precedent-setting ruling but rather the product of a "well-recognized need to avoid vexatious litigation" (Matter of Estate of Clifford, 204 AD3d 1397, 1398 [4th Dept 2022] [internal quotation on dictation omitted]). Precisely the issue here, as Dan's discovery endeavor was classic "vexatious litigation" and a waste of the estate's resources.
Dan, then, is to pay the share of the fiduciary's legal expenses for the proceedings listed above.
The court makes one exception, that for the last proceeding, the one to remove William but which resulted in a sale of Thirsty's to Dan. The court was actively involved at that point, having begun its term as surrogate judge in January 2021, and it formed the opinion that Dan was not being given a fair opportunity to purchase Thirsty's. Thus, no part of the legal fees flowing from that proceeding is to be paid by Dan's distributive share. Dan's motion did bring a (minimally) higher offer, thus benefitting the other beneficiaries. 
In that proceeding, William's undisguised despising of Dan's desire to purchase Thirsty's ("the bar Dan pines for") reflected negatively as to whether he was dealing with Dan in good faith. 
Counsel for William is directed to submit unredacted time billing records for legal fees incurred arising out of and directly related to the proceedings referenced above, with the [*4]exception of the proceeding filed 11/9/2021. 
The motion for an allocation of fees is GRANTED.
The motion for fees for frivolous conduct is DENIED.
Counsel for William Clifford is directed to submit an Order.
Dated: March 7, 2025
Rochester, New York
Hon Christopher S. Ciaccio
Surrogate

Footnotes

Footnote 1:Indeed, the court notes that attorney James Morris has a reputation for integrity and perspicacity second to none in the legal community here.